# United States Court of Appeals
## For the First Circuit

No. 09-2077

NEXT STEP MEDICAL CO., INC.; JORGE IVÁN DÁVILA-NIEVES,

Plaintiffs, Appellants,

v.

JOHNSON & JOHNSON INTERNATIONAL, d/b/a J&J MEDICAL CARIBBEAN;
XYZ INSURANCE COMPANIES; XYZ CORPORATIONS; JOHN DOE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Boudin, Dyk[*] and Thompson,

Circuit Judges.

Benjamín Morales-del Valle with whom Morales-Morales Law
Offices was on brief for appellants.
Raúl M. Arias-Marxuach with whom McConnell Valdés LLC was on
brief for appellees.

August 30, 2010

[*]Of the Federal Circuit, sitting by designation.

**BOUDIN, <u>Circuit Judge</u>.** Next Step Medical Co. ("Next Step") distributes certain medical devices supplied by Johnson & Johnson Medical Caribbean--an unincorporated division of Johnson & Johnson International ("JJI")--for the treatment of spinal disorders. Next Step's right to serve as JJI's exclusive distributor in Puerto Rico was terminated by JJI, and this litigation followed. The facts can be briefly stated; the procedural history is more complicated.

In May 2005, Next Step (continuing a relationship begun with a business acquired by JJI) entered into a contract with JJI making it the exclusive distributor in Puerto Rico for those JJI medical products listed in the agreement. In January 2008, JJI sent Next Step a letter purporting to terminate its exclusive distributorship because, JJI asserted, Next Step was not complying with its sales quota obligations under the contract. JJI said it would continue to supply Next Step the specified products but on a non-exclusive basis.

Negotiations failing, Next Step and its president, Jorge Iván Dávila-Nieves ("Dávila"), sued JJI in Puerto Rico Superior Court in January 2009. Next Step sought a preliminary injunction under the Puerto Rico Dealers Act of 1964, P.R. Laws Ann. tit. 10, § 278b-1 (2009) ("Law 75"), to require JJI to continue Next Step as its exclusive distributor in Puerto Rico and to provide Next Step with JJI's newest line of products. Next Step also sought damages

for breach of contract and Dávila sought damages in tort for the pain and suffering that the contract dispute allegedly caused him.

JJI removed the case to the federal district court based on diversity jurisdiction.[1] That court referred the case to a magistrate judge to make a report and recommendation on the requested preliminary injunction and to resolve "all non-dispositive motions." After a two-day hearing on the preliminary injunction request on March 26-27, 2009, the magistrate judge on April 17, 2009, recommended that a preliminary injunction be denied. Next Step filed timely objections to that recommendation.

JJI also filed a motion on March 17, 2009, to compel the parties to arbitrate Next Step's claims. The contract included a section on "Disputes and Arbitration" that reads in relevant part:

> [A]ny dispute, controversy or claim between [Next Step] and [JJI] . . . arising out of or relating in any way to the business relationship between [JJI] and [Next Step] shall first be attempted to be resolved amicably. Any such dispute that has not been amicably resolved shall be referred to non-binding mediation . . . . Any dispute that has not been resolved in mediation, shall then be settled by arbitration . . . .

---

[1]JJI's unincorporated Medical Caribbean division and several John Does were also named as defendants but diversity jurisdiction--existing because Next Step is a Puerto Rico company and JJI is not--is unaffected by the presence of an unincorporated division, Breitman v. May Co. Cal., 37 F.3d 562, 564 (9th Cir. 1994), or the presence of John Doe defendants, 28 U.S.C. § 1441(a)(2006); Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007).

In its motion to compel, JJI also requested that Dávila's separate tort claim be dismissed without prejudice or stayed during arbitration. Next Step responded that the arbitration clause was unenforceable under Puerto Rico law, but it did not mention Dávila's tort claim or JJI's requested disposition.

On June 10, 2009, the magistrate judge granted JJI's motion to compel,[2] requiring Next Step to submit all its claims--including both the preliminary injunction request and Dávila's tort claim--to arbitration. Although Next Step was entitled to seek review in the district court, 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), the district court short-circuited any such effort by dismissing--on the same day as the magistrate judge's order--all of Next Step's claims with prejudice, citing the magistrate judge's order compelling arbitration.

Next Step sought reconsideration of the district court's order, urging the court to grant the preliminary injunction and protesting the court's dismissal with prejudice of Dávila's tort claim. The district court denied the motion, stating briefly that Dávila's tort claim was waived because Next Step had not "raised

---

[2]The magistrate judge issued a definitive order (rather than a report and recommendation) as permitted under 28 U.S.C. § 636(b)(1) (2006) where the district judge delegates disposition of non-dispositive orders. In this circuit, motions to compel arbitration are non-dispositive motions. See Power Share, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010).

any argument as to why [Dávila's] tort claim is proper." Next Step appealed the district court's actions to this court.

Immediate appellate review of a district court order compelling arbitration is limited where the district court merely stays the court action but permitted where the district court dismisses the case. 9 U.S.C. § 16(a)(3) (2006); Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 86-87 (2000). As it happens, Next Step does not ask for review of the reference to arbitration of the underlying dispute with JJI; rather, it contests (1) the lack of preliminary injunctive relief and (2) the dismissal of Dávila's tort claim "with prejudice." We address these claims in order.

The district court did not consider on the merits the recommended denial of preliminary injunctive relief, even though the magistrate judge wrote an extensive report analyzing the pros and cons of the request; Next Step complains of this lapse and also attacks the magistrate judge's report and recommendation. But the district court likely believed that the magistrate judge's subsequent order--that the entire case be arbitrated--effectively superseded the recommended denial of injunctive relief. That belief, although rather hastily implemented, was correct--with two possible qualifications to which we now turn.

Arbitrators normally have the power to grant interim relief unless the parties specify otherwise in the contract. 1 M. Domke, Domke on Commercial Arbitration § 35:2 (3d ed. 2003); e.g.,

<u>Charles Constr. Co.</u> v. <u>Derderian</u>, 586 N.E.2d 992, 994 (Mass. 1992).

Anyway, the arbitration clause in this case requires the parties to use the Commercial Arbitration Rules of the American Arbitration Association, which empower an arbitrator to "take whatever interim measures he or she deems necessary, including injunctive relief . . . ." Am. Arbitration Ass'n, <u>Commercial Arbitration Rules and Mediation Procedures</u>, at R-34 (2009), <u>available at</u> http://www.adr.org/sp.asp?id=22440.

Thus, when the district judge saw that the magistrate judge had ordered--not recommended--arbitration of all disputes, it doubtless appeared to the judge that it was up to the arbitrator to decide about preliminary relief. Of course--this is the first qualification--the parties' conduct might have been treated as abandoning arbitration on preliminary relief, <u>see</u> <u>Restoration Pres. Masonry, Inc.</u> v. <u>Grove Eur. Ltd.</u>, 325 F.3d 54, 61 (1st Cir. 2003), but since JJI had sought an order of arbitration and gotten one directed to the whole controversy, the district judge was entitled to rely upon the order, unless Next Step persuaded a court to overturn it.

The district judge initially gave Next Step no time to assert such a challenge (why is not clear), but Next Step did in fact seek reconsideration of the district court's dismissal of the case. In doing so, it chose not to argue that the magistrate judge misread the arbitration agreement in finding it to cover all claims

by Next Step against JJI, nor to pursue a claim that arbitration was unavailable because of Puerto Rico law. Nor does it make such an argument to us.

It remains true--and this is the second qualification to address--that even where preliminary relief is for the arbitrator, a district court retains power to grant an <u>interim</u> preliminary injunction, where otherwise justified, for the interval needed to resort to the arbitrator--that is, for the period between the time the district court orders arbitration and the time the arbitrator is set up and able to offer interim relief itself. <u>Teradyne, Inc.</u> v. <u>Mostek Corp.</u>, 797 F.2d 43, 51 (1st Cir. 1986).

But Next Step never sought this very limited relief; <u>Teradyne</u> was first mentioned on appeal only by JJI. Further, interim relief under <u>Teradyne</u> assumes a showing of some short-term emergency that demands attention while the arbitration machinery is being set in motion. Next Step has never made such a showing; indeed, a year has passed since the district court judgment and Next Step made no effort to secure preliminary relief from the arbitrator, for example, by relying on the extensive record already developed before the magistrate judge.

There remains one loose end concerning injunctive relief. Next Step's counsel said in oral argument (there is nothing in the record on this point) that JJI now has diverted so much of Next Step's revenue that Next Step cannot afford a full-scale

arbitration proceeding. But it agreed to arbitration in the contract, and it was free from the outset to seek preliminary relief from the arbitrator well before its revenues were impaired. It chose not to do so in the teeth of the arbitration clause.

This brings us to the second issue raised on appeal: whether the district court was correct to dismiss Dávila's tort claim "with prejudice." That there is a plausible tort claim based on breach of contract here may be open to doubt;[3] but if the district court had sought to extinguish Dávila's opportunity to present such a claim in an improper forum, we would indeed be concerned. A more careful assessment, which requires some legal background, banishes the concern.

Where one side is entitled to arbitration of a claim brought in court, in this circuit a district court can, in its discretion, choose to dismiss the law suit, if <u>all</u> claims asserted in the case are found arbitrable. <u>Bercovitch</u> v. <u>Baldwin Sch.,</u> <u>Inc.</u>, 133 F.3d 141, 156 & n.21 (1st Cir. 1998); <u>see</u> 9 U.S.C. § 3. <u>But see</u> <u>Lloyd</u> v. <u>HOVENSA, LLC</u>, 369 F.3d 263, 268-69 (3d Cir. 2004). If some claims are non-arbitrable, the district court cannot dismiss the entire case. <u>Cf.</u> <u>Bercovitch</u>, 133 F.3d at 156 n.21.

---

[3]Puerto Rico appears not to recognize actions for emotional distress stemming from breach of contract, except where such distress "could have been foreseen at the time the obligation was constituted and [was] a necessary consequence of the breach of contract." <u>Soc. de Ganaciales</u> v. <u>Velez & Asoc.</u>, 145 P.R. Dec. 508, 523 (1998).

-8-

Here, the magistrate judge found all of the claims were arbitrable, including Dávila's tort claim.

So when the district court said that all of the claims were dismissed "with prejudice" in light of the arbitration requirement, this meant only that they could not be pursued as free-standing court claims but were remitted to arbitration--from which they could always end up back in court on a challenge to the arbitrator's ultimate disposition. This is a peculiar use of the phrase "with prejudice," but not without precedent. E.g., Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992).

Anyway, the tort claim has not been extinguished but merely left to the arbitrator. The district judge may have muddied the waters by saying on reconsideration that Next Step waived the tort claim because it had not "raised any argument as to why [Dávila's] tort claim is proper," but whatever the district judge meant (and he may have meant "proper in this court"), the magistrate judge ordered Dávila's tort claim, as well as the claims by Next Step, to go to arbitration and that disposition remains in force unless overturned.

Next Step does argue briefly that Dávila's tort claim is not arbitrable, saying, first, that the arbitration agreement was only between JJI and Next Step, not JJI and Dávila; and, second, that JJI itself is content to have Dávila's tort claim dismissed without prejudice. However, this brief argument does not begin to

-9-

grapple with the language of the contract in question and could be treated as perfunctory (and so waived) or--as we choose to view it--merely as unpersuasive in the abbreviated form presented.

Generally speaking, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). And the arbitration clause specifically embraces disputes "between Distributor and Company"; elsewhere in the contract "Distributor" is defined as Next Step (the corporation), "Company" is defined as JJI and "Principal" is defined separately to refer to Dávila.

However, a separate provision--section 22, labeled "Status of Principal"--specifies that "the Principal [(Dávila)] is a party to this agreement solely for the purposes" of a number of other sections in the contract, including section 19--the section on "Disputes and Arbitration."[4] By virtue of section 22, Dávila therefore appears to be a "party to" the arbitration clause even though the clause refers only to the "Distributor." Next Step

_____

[4]Section 22 makes Dávila a "party to," for example, section 15(B), which reads: "Distributor will not, during the term of this Agreement design, manufacture, represent, sell, distribute, market, promote or solicit sales in the Territory of any products which directly competes with any Product with regard to surgical procedures and technology."

-10-

simply ignores this provision and certainly does not refute its apparent application.

As for subject matter, the arbitration clause is not limited to contract disputes; it broadly covers "any dispute, controversy or claim . . . arising out of or relating in any way to the business relationship between [JJI] and [Next Step]." Dávila's tort claim--a claim arising out of and relating to the breakdown of business relationships between JJI and Next Step--is covered by this broadly worded arbitration clause so long as section 22 makes Dávila a party to the arbitration clause.

Dávila acted for Next Step in signing the agreement but, as its executive, was free also to bind himself; in fact, Dávila signed the contract twice--both as Next Step's President and in his personal capacity as the "Principal." There is nothing surprising about imposing responsibilities upon him insofar as certain of his actions could affect the business relationship between the two primary parties. Nor is it surprising that an arbitration clause should embrace claims by or against an executive relating to the main transaction.

We need not resolve all of the possible arguments, because Dávila on appeal has not objected to the scope of the order to compel arbitration, even though in passing he has argued unpersuasively that the contract on its face does not bind him to

arbitrate.  Nor does JJI's belated consent to dismissal of the Dávila's tort claim without prejudice invalidate an order of the magistrate judge referring all claims to arbitration--an order prompted by JJI's own request for arbitration and which JJI did not seek to narrow by an appeal to the district court or to us.

Affirmed.