# United States Court of Appeals
## For the First Circuit

No. 15-1786

LUIS ADRIÁN CORTÉS-RAMOS,

Plaintiff, Appellant,

v.

SONY CORPORATION OF AMERICA, et al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Juan R. Rodríguez, with whom Rodríguez Lopez Law Offices, P.S.C. was on brief, for appellant.
David C. Rose, with whom Pryor Cashman LLP, Jorge I. Peirats, and Pietrantoni Méndez & Alvarez LLC were on brief, for appellees.

September 9, 2016

**BARRON**, **Circuit Judge**. Luis Adrián Cortés Ramos ("Cortés") appeals from the dismissal of his contract and intellectual property claims against a variety of companies affiliated with Sony Music Entertainment ("Sony"). The dispute concerns an original song and music video that Cortés submitted to Sony as part of a songwriting contest sponsored by Sony. The District Court dismissed all of Cortés's claims. It did so on two grounds: that the claims were subject to mandatory arbitration under the Federal Arbitration Act, and that Cortés failed to allege facts sufficient to support his claims under Fed. R. Civ. P. 12(b)(6). Because Cortés has not appealed the ruling that his claims must be arbitrated, we affirm the order compelling arbitration.

## I.

Cortés makes the following allegations in his complaint.

In 2013, Sony collaborated with Enrique Martín Morales, also known as "Ricky Martin," to create a music contest in Puerto Rico. Contestants were to submit an original song, along with an accompanying music video. Martin would perform the winner's song at the 2014 Fédération Internationale de Football Association ("FIFA") World Cup.

On January 2, 2014, Cortés entered the contest by submitting a music video with his original song to Sony via Sony's website. A few weeks later, Cortés signed two contest documents

-- a release and an affidavit -- and sent them to Sony. Cortés did not win the contest. Nonetheless, on or around April 22, 2014, Martin released a song and music video -- "Vida" -- that, according to Cortés, closely resembled his own contest submission.

On July 28, 2014, Cortés filed suit in the District Court of the District of Puerto Rico. Cortés alleged that his agreement with Sony was unenforceable under Puerto Rico contract law because it was fraudulently induced by Sony. He also alleged that the agreement violated Puerto Rico trademark law and United States trademark and copyright law.[1]

On February 12, 2015, Sony filed a motion seeking, among other things, dismissal under Fed. R. Civ. P. 12(b)(6) and, in the alternative, a stay pending arbitration under 9 U.S.C. § 3. Sony appended the "Contest Official Rules" to its motion to dismiss. Those rules contained a mandatory arbitration clause, requiring that disputes "arising under, in connection with, touching upon or relating to" the rules be submitted to an arbitrator.

On June 10, 2015, the District Court ordered Cortés's case dismissed "with prejudice," J. at 1, June 10, 2015 (ECF No. 41), "pursuant to Fed. R. Civ. P. 12(b)(6)," and "direct[ed] the parties to proceed to arbitrate," Cortés-Ramos v. Sony Corp. of

---

[1] Ricky Martin was originally a defendant in the suit. Martin was voluntarily dismissed from the suit, however, on March 27, 2015.

Am., 108 F. Supp. 3d 18, 25, 29 (D.P.R. 2015). In doing so, the District Court rejected Cortés's assertion that he was not bound by the arbitration clause because he had not read or received a copy of the Contest Rules. Id. at 24. The District Court found that Cortés "received, signed, notarized, and returned" an affidavit stating he had complied with the Contest Rules, and noted that "a valid agreement to arbitrate is presumed even when the signed document incorporates by reference an arbitration provision that may be found in another document, irrespective of whether the party received a copy of the document containing the clause." Id. (internal quotation marks, brackets, and citations omitted). The District Court then determined that Cortés's fraudulent inducement claim came within the "broad language" of the arbitration clause. Id.

Notwithstanding its rulings that the mandatory arbitration clause was both enforceable and encompassed the fraudulent inducement claims, however, the District Court also addressed the substance of the claims. Specifically, it concluded that Cortés "failed to make a cognizable claim that the Contest [Official] Rules constitute a voidable contract under Puerto Rico law because he entered into it as a result of deceit." Id. at 25.

**II.**

On appeal, Cortés argues that the District Court erred in ruling that he failed to allege facts sufficient to support his

fraudulent inducement claim. But Cortés does not appeal the District Court's separate rulings that the mandatory arbitration clause is enforceable and that this clause encompasses his fraudulent inducement claim.[2] Because those rulings provide an independent basis for dismissing his claims, we need not address Cortés's challenge to the District Court's decision to dismiss his complaint on 12(b)(6) factual sufficiency grounds. We do, however, wish to repeat our previously articulated caution that "[a] court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." Thompson v. Irwin Home Equity Corp., 300 F.3d 88, 91 (1st Cir. 2002) (quoting Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001)).

Cortés's next challenge to the District Court's order of dismissal is that the District Court erred by ruling on Sony's motion to dismiss before the court's deadline for permitting Cortés to file a sur-reply had elapsed. But Cortés does not posit a standard of review for assessing whether the District Court erred, cites no authority to support his contention that the District Court did err, and makes no argument as to how any error affected the District Court's decision to send Cortés's claims to

_____

[2] Cortés contends that the District Court erred by dismissing his case pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3). As the District Court did not dismiss Cortés's complaint on these bases, this contention is without merit.

arbitration.  Nor is such an argument regarding possible prejudice apparent to us.  Consequently, we conclude that this contention is too undeveloped to warrant further scrutiny.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Cortés also appears to contend -- though he does not list this contention in his statement of the issues -- that the District Court erred by not permitting discovery before dismissing the case.  But Cortés makes no argument as to how the District Court's refusal to permit discovery undermines the District Court's ruling that his claims must be dismissed because they must be arbitrated, a ruling that Cortés has not appealed.  Accordingly, we need not address this aspect of Cortés's challenge either.

Finally, Cortés contends that the District Court erred in dismissing his case with prejudice.  Given that the District Court, in dismissing the case, ruled that the claims were subject to mandatory arbitration, we agree that "[t]his is a peculiar use of the phrase 'with prejudice.'"  Next Step Med. Co. v. Johnson & Johnson Int'l, 619 F.3d 67, 71 (1st Cir. 2010) (citing Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)); see also Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 732 (7th Cir. 2005) (noting that there is a split in authority as to how courts characterize dismissal on arbitrability grounds, with some courts treating the dismissal as jurisdictional and thus pursuant to Rule 12(b)(1); other courts treating the dismissal as

"failure to state a claim cognizable in federal court" and thus pursuant to Rule 12(b)(6); and still others treating the dismissal as "entirely separate from the Rule 12(b) rubric").  But, even if peculiar, the District Court's use of "with prejudice" is "not without precedent."  <u>Next Step</u>, 619 F.3d at 71.  We thus affirm the order of dismissal.  <u>See</u>  <u>id.</u> at 71-72 (affirming dismissal with prejudice of claim deemed subject to arbitration).  We note, however, that, in light of the District Court's order compelling arbitration, Cortés's claims "ha[ve] not been extinguished but [have been] merely left to the arbitrator."  <u>Id.</u> at 71.

### III.

For the reasons given, we **<u>affirm</u>** the District Court's order compelling arbitration.