# United States Court of Appeals
## For the First Circuit

No. 16-2441

LUIS ADRIÁN CORTÉS-RAMOS,

Plaintiff, Appellant,

v.

SONY CORPORATION OF AMERICA, SONY ATV MUSIC PUBLISHING, LLC,
SONY MUSIC HOLDINGS INC., agent of Sony Music Entertainment,
SONY PICTURES TELEVISION, INC., SONY MUSIC BRAZIL, SONY
ELECTRONICS, INC.,

Defendants, Appellees,

ENRIQUE MARTIN-MORALES, a/k/a Ricky Martin,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Torruella, Lipez, and Barron,
Circuit Judges.

Juan R. Rodríguez, with whom Rodríguez Lopez Law Offices,
P.S.C. was on brief, for appellant.
David C. Rose, with whom Pryor Cashman LLP, Jorge I. Peirats,
Maria D. Trelles-Hernández and Pietrantoni Méndez & Alvarez LLC,
were on brief, for appellees.

May 4, 2018

**BARRON**, **Circuit Judge**.  This appeal is from an order granting a motion for attorney's fees pursuant to the Copyright Act.  We reverse.

On July 28, 2014, the plaintiff, Luis Adrián Cortés-Ramos, filed a complaint in the District of Puerto Rico against Sony Corporation of America (Sony) and other related defendants, in connection with a songwriting contest that Sony had co-sponsored.  The suit alleged various claims under Puerto Rico and federal law, including claims under the Copyright Act.  17 U.S.C. § 505.

The District Court dismissed with prejudice all of the claims on the grounds that they were subject to mandatory arbitration pursuant to an agreement that Cortés-Ramos had signed when he entered the contest and that he had failed to allege facts sufficient to support his claims under Fed. R. Civ. P. 12(b)(6). We affirmed the District Court's order dismissing the claims.  See Cortés-Ramos v. Sony Corp. of Am., 836 F.3d 128 (1st Cir. 2016).

The defendants then moved for attorney's fees pursuant to § 505 of the Copyright Act, which provides for a "reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  The District Court granted the defendants' motion and awarded $47,601.78 in attorney's fees.

Cortés-Ramos now argues that the District Court erred in awarding attorney's fees because the defendants do not qualify as prevailing parties under § 505. We agree.

In evaluating a similarly worded attorney's fees provision to the one that we confront here, see 42 U.S.C. §§ 1983, 1988(b) (providing that federal district courts may "allow the prevailing party . . . a reasonable attorney's fee as part of the costs"), the Supreme Court made clear that "[t]he touchstone of the prevailing party inquiry . . . [is] the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Sole v. Wyner, 551 U.S. 74, 82 (2007) (internal quotations and citations omitted) (emphasis added). Here, there has been no such alteration.

When these parties were last before us on appeal, we did affirm the District Court's order dismissing Cortés-Ramos' claims (including the Copyright Act claims) "with prejudice." Cortés-Ramos, 836 F.3d at 129-30. But, we made clear that we were doing so solely because we were affirming the District Court's order compelling arbitration of these claims. Id. at 130. And, we expressly noted that "in light of the District Court's order compelling arbitration, Cortés's claims 'ha[ve] not been extinguished but [have been] merely left to the arbitrator.'" Id. at 130 (quoting Next Step Med. Co. v. Johnson & Johnson Int'l, 619 F.3d 67, 71 (1st Cir. 2010)).

- 4 -

Thus, the only material alteration in the parties' legal relationship concerning the Copyright Act arises from a ruling regarding the forum in which Cortés-Ramos' Copyright Act claims must be heard.  But, the Copyright Act -- unlike the Federal Arbitration Act, see 9 U.S.C. § 2 -- reflects no congressional policy favoring or disfavoring arbitration of claims.  There thus has been no "material alteration of the legal relationship of the parties in a manner which Congress sought to promote" when it enacted § 505 of the Copyright Act.  Sole, 551 U.S. at 82; see also Heritage Capital Corp. v. Christie's, Inc., No. 3:16-CV-3404-D, 2018 WL 398202, at *3 (N.D. Tex. Jan. 12, 2018) (holding that Defendant did not qualify under § 505 of the Copyright Act as a prevailing party because compelling arbitration was a procedural victory that did not materially alter the legal relationship between the parties).

We therefore **reverse** the order of the District Court granting attorney's fees to the defendants.