# United States Court of Appeals
## For the First Circuit

No. 19-1358

LUIS ADRIÁN CORTÉS-RAMOS,

Plaintiff, Appellant,

v.

ENRIQUE MARTIN-MORALES, a/k/a RICKY MARTIN,

Defendant, Appellee,

JOHN DOE, RICHARD DOE,
and their respective insurance companies,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, Senior U.S. District Judge]

Before

Torruella, Dyk,* Barron,
Circuit Judges.

Juan R. Rodríguez, with whom Rodríguez López Law Offices, P.S.C. was on brief, for appellant.
David C. Rose, with whom Pryor Cashman LLP, Jorge I. Peirats, and Pietrantoni Méndez & Álvarez LLC, were on brief, for appellee.

---

* Of the Federal Circuit, sitting by designation.

April 13, 2020

**DYK, Circuit Judge.** Luis Adrián Cortés-Ramos sued Enrique Martin-Morales (a/k/a Ricky Martin) ("Martin") and other unknown defendants, alleging violations of federal copyright law and various Puerto Rico laws. On appeal, Cortés-Ramos challenges the district court's dismissal of these claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

We conclude that the district court correctly held that the complaint failed to state a copyright claim because it did not allege registration. But we also conclude that the district court erred in holding that the complaint otherwise failed to state a copyright claim and dismissing the complaint with prejudice. We remand so that the district court may consider, whether, in light of this opinion, to dismiss the copyright claim or whether Cortés-Ramos should be allowed to supplement his complaint under Federal Rule of Civil Procedure 15(d) to allege registration. We affirm the district court's dismissal of the state-law claims.

## I.

This controversy concerning Cortés-Ramos's music video comes back to this court for the fourth time. This appeal requires us to determine the sufficiency of Cortés-Ramos's complaint.

### A.

Cortés-Ramos's claims concern a songwriting contest that he entered in 2014. The complaint alleges the following. In August 2013, "[Martin] and Sony . . . claimed that they were

- 3 -

sponsors" of and advertised the "SuperSong" contest. ¶ 11. The contest was a competition; each participant was required to compose a song with lyrics in English, Portuguese, or Spanish. ¶ 14. The participants were required to submit their songs in "video format showcasing the performance of the composer" by January 6, 2014. ¶¶ 14, 23. The winning composition was to be sung by Martin at the grand opening of the 2014 Fédération Internationale de Football Association ("FIFA") World Cup in Brazil. ¶¶ 12, 16.

After seeing the contest advertisement, Cortés-Ramos composed a song and recorded a music video in his hometown in Puerto Rico with several musicians, dancers, and chorus singers. ¶ 20. On January 2, 2014, Cortés-Ramos uploaded his music video to the contest's website. A few days later, he was selected as one of the top-twenty finalists. ¶¶ 22, 25. On January 15, 2014, he signed "several documents (releases)" from Sony Brazil. ¶¶ 25–26. Eventually, another participant was selected as the winner in February 2014. ¶ 30.

In April 2014, Martin released his song Vida. ¶ 32. Martin's "music video was almost identical to the one that [Cortés-Ramos] composed and created." Id. Cortés-Ramos "was misinformed, lured to enter and to participate in [the] contest with false information and threats with the only purpose to obtain his release to his compositions and creations in violation of copyright." ¶ 37.

Based on these factual allegations, Cortés-Ramos's complaint asserted: (1) a federal claim under the Copyright Act (17 U.S.C. § 101 et seq.) and (2) state claims under the Puerto Rico Trademark Act of 2009,[1] Puerto Rico Contract Laws (31 L.P.R.A. § 2992) and Property Laws (31 L.P.R.A. § 1021),[2] and Puerto Rico Civil Code Articles 1802 and 1803 (31 L.P.R.A. §§ 5141–5142).[3]

B.

This is not Cortés-Ramos's first effort to secure relief. Cortés-Ramos earlier filed an action against various companies affiliated with Sony Music Entertainment ("Sony") and Martin on July 28, 2014, alleging various claims including copyright violation. Cortés-Ramos voluntarily dismissed Martin early in that proceeding. Eventually, the district court dismissed all claims against Sony on the ground that the claims were subject to the arbitration provision of the SuperSong contest

---

[1] The Puerto Rico Trademark Act of 2009 incorporated elements of federal trademark law and the Model State Trademark Act.

[2] These statutes provide that "[o]bligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs," 31 L.P.R.A. § 2992, and "[t]he word property is applicable in general to anything of which riches or fortune may consist," 31 L.P.R.A. § 1021.

[3] These Articles provide recovery of damages caused by fault or negligence.

The complaint also alleged a federal trademark claim, but that claim was dismissed. Cortés-Ramos does not raise that claim on appeal.

participation agreement.  This court affirmed in <u>Cortés-Ramos</u> v. <u>Sony Corp. of Am.</u>, 836 F.3d 128 (1st Cir. 2016).  Later, this court reversed an award of attorney fees in <u>Cortés-Ramos</u> v. <u>Sony Corp. of Am.</u>, 889 F.3d 24 (1st Cir. 2018), holding that Sony was not a prevailing party under the Copyright Act where the case was dismissed because Cortés-Ramos was compelled to arbitrate.  <u>Id.</u> at 25-26.

On February 8, 2016, Cortés-Ramos filed this second action against Martin.  The district court initially ruled that Cortés-Ramos's claims against Martin, like his claims against Sony, were subject to the contest's arbitration provision and dismissed the case.  This court reversed, holding that the arbitration provision did not extend to Martin because he was neither a party to the contest participation agreement nor a third-party beneficiary.  <u>Cortés-Ramos</u> v. <u>Martin-Morales</u>, 894 F.3d 55, 58-60 (1st Cir. 2018).

<u>C.</u>

On remand of the 2016 action from this court, the district court granted Martin's renewed motion to dismiss for failure to state a claim.  The district court dismissed Cortés-Ramos's copyright claim with prejudice, concluding that Cortés-Ramos failed to allege "preregistration or registration of his copyright . . . to sustain a cause of action" as required by 17

- 6 -

U.S.C. § 411(a). Op. 14.[4] It also held that he failed to "show, as a factual matter, that [Martin] copied [his] music video" and that his allegation that Vida is "almost identical" to his music video was "not sufficient to state that there was factual copying." Id. at 15.

The district court dismissed Cortés-Ramos's state-law claims without prejudice. It held that "the Puerto Rico Trademark Act [claim] fails because [Cortés-Ramos] provide[d] no factual allegations as to the required elements under this Act." Id. at 21. Regarding claims invoking 31 L.P.R.A. §§ 1021 and 2992, the district court noted that the complaint alleges that Cortés-Ramos "was misinformed, lured to enter and to participate in [the] contest with false information and threats with the only purpose to obtain his release to his compositions and creations." Id. at 19. It concluded that these "fraudulent inducement allegations fail because [he] provide[d] no factual allegations" that identified false information. Id. at 21. With respect to his claims under Articles 1802 and 1803, the district court held that the complaint contained no allegations of negligence. While Martin's motion to dismiss also argued lack of personal jurisdiction, improper venue, and lack of ownership (because Cortés-Ramos allegedly assigned his rights to his music video to

_____

[4] "Op." refers to the district court's opinion dated March 25, 2019.

- 7 -

Sony by agreeing to the SuperSong contest rules), the district court declined to reach those issues.

Cortés-Ramos now appeals, challenging the district court's dismissal of his copyright claim and state-law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the dismissal of a complaint under Rule 12(b)(6) de novo." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011). "The sole inquiry under Rule 12(b)(6) is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted." Id.

## II.

### A.

We first address the district court's dismissal of the copyright claim. A plaintiff who owns a copyrighted work has the ultimate burden to prove that (1) the defendant "actually copied the work as a factual matter" and (2) the "copying . . . rendered the infringing and copyrighted works 'substantially similar.'" T-Peg, Inc. v. Vt. Timber Works, Inc., 459 F.3d 97, 108 (1st Cir. 2006) (quoting Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005)). One way to indirectly establish "actual copying" is to show that the defendant "enjoyed access to the copyrighted work" and "a sufficient degree of similarity" exists between the copyrighted

work and the allegedly infringing work.[5]  Id. at 111 (quoting Johnson, 409 F.3d at 18).  But, at the pleading stage, the plaintiff need not actually prove the elements of his claim but rather need only sufficiently allege facts that show the claim is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, the district court concluded that Cortés-Ramos had alleged a violation of copyright law and in support had sufficiently alleged that Martin had access to his music video. The district court held that it "may infer that [Martin] obtained access to Plaintiff's music video through the submission of the SuperSong Contest."  Op. 15.  In this respect, the complaint included allegations that Cortés-Ramos submitted his music video to the SuperSong contest, which Martin was involved in and following which he would have sung the winning submission. However, the district court concluded that Cortés-Ramos's complaint was deficient because it did not sufficiently allege similarity, even though the complaint alleged that Martin's Vida is "almost identical" to Cortés-Ramos's music video.

Given that there is a reasonable inference that Martin

---

[5] "The similarity inquiry used to indirectly establish [actual] copying is referred to as 'probative similarity' and is 'somewhat akin to, but different than, the requirement of substantial similarity' that must be shown to prove [the second element of] copyright infringement."  T-Peg, 459 F.3d at 111 (quoting Johnson, 409 F.3d at 18).

had access to Cortés-Ramos's music video, we think that the "almost identical" allegation is sufficient to meet Cortés-Ramos's burdens of pleading both indirect actual copying and substantial similarity.  Determining whether Cortés-Ramos's complaint supports a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  When viewing the complaint in the light most favorable to Cortés-Ramos, Ocasio-Hernández, 640 F.3d at 7, we conclude that it adequately supported a reasonable inference of similarity so as to render his claim plausible, Iqbal, 556 U.S. at 678, and provided Martin "fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Twombly, 550 U.S. at 561–63).

Therefore, aside from registration, Cortés-Ramos sufficiently alleged a copyright violation.

### B.

Our inquiry does not end there as the district court also held that Cortés-Ramos's copyright complaint was defective because his complaint did not allege that he "preregistered or registered the music video [that] he submitted to the SuperSong contest." Op. 14.

In Section 411(a) of Title 17, the copyright statute

- 10 -

provides that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title."[6] In Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019), the Supreme Court addressed whether "registration" under section 411(a) occurs when the claimant completed his application or only after the Copyright Office registered the copyright (by issuing a certificate). Id. at 886. The Supreme Court held that the registration condition was satisfied only "when the [Copyright] Register has registered a copyright after examining a properly filed application." Id. at 892.

In reaching its decision, the Supreme Court explained that "a copyright claimant generally must comply with [section] 411(a)'s [registration] requirement" "[b]efore pursuing an infringement claim in court." Id. at 887. This is because "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." Id. It also recognized that "Congress has maintained registration as prerequisite to suit, and rejected proposals that

---

[6] Section 411(a) also allows institution of an action if the copyright owner obtained preregistration. But such an action risks dismissal if the owner does not promptly apply for registration as set forth in the copyright statute. See 17 U.S.C. § 408(f)(3)-(4). There is no issue of preregistration in this case.

- 11 -

would have eliminated registration."  Id. at 891.  See also Thompson v. Hubbard, 131 U.S. 123, 150-51 (1889) (notice requirement of a predecessor copyright statute was a prerequisite to filing an action); Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 105 (1st Cir. 2011) (proof of registration is an element of a cause of action for copyright infringement).

The legislative history of the copyright law discussed by the Supreme Court is quite clear.  The predecessor to section 411(a) provided that "[n]o action or proceeding shall be maintained for infringement . . . until the provisions . . . with respect to the deposit of copies and registration of such work shall have been complied with."[7]  17 U.S.C. § 13 (1970).  While changing the phrase "[n]o action . . . shall be maintained" in the earlier statute to "no civil action . . . shall be instituted" in enacting section 411(a) in 1976, Congress made clear that registration was a prerequisite to a copyright lawsuit.  Specifically, Congress recognized:

> The first sentence of section 411(a) restates the present statutory requirement [in 17 U.S.C. § 13 (1970)] that registration must be made before a suit for copyright infringement is instituted.  Under the bill, as under the law now in effect, a copyright owner who has not registered his claim can have a valid cause of action against someone who has infringed his copyright, but he cannot enforce his rights in the courts until he has made

---

[7] This language originates from Section 12 of the Copyright Act of 1909.

- 12 -

registration.

H.R. Rep. No. 94-1476, at 157 (Sept. 3, 1976) (emphasis added); S. Rep. No. 93-983, at 188 (June 27, 1974). Congress thus confirmed that registration is a prerequisite to enforcement of copyrights.

This interpretation of the copyright statute is consistent with interpretation of other statutes with similar language. For example, McNeil v. United States, 508 U.S. 106 (1993) addressed similar language of the Federal Tort Claims Act in 28 U.S.C. § 2675(a). That statute states that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and . . . have been finally denied." Id. at 107 n.1 (quoting 28 U.S.C. § 2765(a)). The Supreme Court held that the use of the word "instituted" required that the plaintiff exhaust his administrative claim before filing his action in federal court. Id. at 112-13.

Here, Cortés-Ramos's complaint did not allege that registration had been obtained prior to suit. Cortés-Ramos has conceded that he had not secured registration before filing this action. We thus agree with the district court's decision on the sufficiency of the complaint with respect to registration. But since we determine that the complaint is insufficient as to only the registration ground, the district court should not have dismissed the copyright claim with prejudice. Generally, when a

plaintiff's claim is dismissed for failing to satisfy a pre-suit requirement, the dismissal should be "without prejudice" when the plaintiff may able to satisfy the requirement in the future. See, e.g., Lumiere v. Pathe Exch., Inc., 275 F. 428, 430 (2d Cir. 1921) (addressing a predecessor copyright statute and holding that dismissal without prejudice was proper because "the plaintiff may get a certificate of registration . . . and thereafter may maintain another action"). There appears to be no dispute that the Copyright Office registered Cortés-Ramos's music video after he filed his complaint with the district court, and thus he could allege registration in a new action.

At oral argument in this court, Cortés-Ramos urged that the district court should not have dismissed the action at all, but should have allowed him to amend the complaint to allege that he had obtained registration after the filing of the action, even though he made no such motion to the district court before it dismissed the case.

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Although a supplemental pleading under Rule 15(d) may be allowed to cure even jurisdictional defects, United States ex rel. Gadbois v. PharMerica Corp., 809

- 14 -

F.3d 1, 5-6, 5 n.2 (1st Cir. 2015), a lack of registration is not a jurisdictional defect. In Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010), the Supreme Court held that the registration condition in § 411(a) is not jurisdictional but rather a "claim-processing rule[]." Id. at 161, 165-66.

In Gadbois, this court explained that "supplementation of pleading is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" 809 F.3d at 4 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504, at 258-59 (3d ed. 2010)). Although this case appears to be a candidate for a Rule 15(d) supplement, the question of whether a supplemental pleading should be permitted lies in the first instance with the district court. Id. at 6. "Under Rule 15(d), the filing of a supplemental pleading is not available to the pleader as a matter of right but, rather, is subject to the court's discretion." Id. Our role, as an appellate court, is generally "limited to examining whether the district court abused its discretion." Id. Thus, here, as in Gadbois, we remand to afford the district court "an opportunity to pass upon" the question of whether Cortés-Ramos should be allowed to supplement his complaint under Rule 15(d) or instead he should be required to file a new action. Id.

Cortés-Ramos next argues that the district court's dismissal of his state-law claims was erroneous. We disagree.

As for his Puerto Rico trademark claim, Cortés-Ramos provides no argument at all as to why the district court was wrong. Cortés-Ramos's complaint was deficient because it failed to identify what he contends to be protected under Puerto Rico's trademark law. A complaint that merely cites to the statute without pleading factual allegations fails to state a claim. Iqbal, 556 U.S. at 678.

Cortés-Ramos's allegations concerning the other two state-law claims are similarly deficient. Cortés-Ramos merely contends that he invoked Articles 1802 and 1803 (which provide recovery of damages caused by fault or negligence) and that the Puerto Rico Supreme Court recognized that there is "a cause of action . . . against a tortfeasor third party (defendant) who interfered between contractors." Appellant Br. 6, 28. But, the complaint did not even allege that Martin interfered with Cortés-Ramos's contractual relationship with another. Even if that had been pleaded, a "naked assertion" without "further factual enhancement" is insufficient to survive a motion to dismiss. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). As for his claims under 31 L.P.R.A. §§ 1021 and 2992 (which provide relief

for recovery in contracts, fault, or negligence), Cortés-Ramos repeats his allegation in the complaint that he "was misinformed, lured to enter and to participate in [the] contest with false information and threats with the only purpose to obtain his release to his compositions and creations." Appellant Br. 28 (emphasis removed). To the extent that Cortés-Ramos alleged that Martin breached an obligation by fraudulently inducing him to enter the SuperSong contest, the complaint is wholly conclusory and cannot survive a motion to dismiss.

## IV.

Cortés-Ramos contends that the district court erred by not authorizing discovery before deciding on the 12(b)(6) motion. However, other than generally arguing the presence of factual disputes and that Martin had access to Sony's records, Cortés-Ramos did not present any reason why he needed discovery to address the motion to dismiss. Resolution of a motion to dismiss generally does not require discovery, and we see no error in the district court's denial of discovery. DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55–56 (1st Cir. 1999) (holding that discovery was not warranted at the motion to dismiss stage).

## V.

Accordingly, we affirm the district court's dismissal without prejudice of the state-law claims. We remand to allow the district court to consider whether to dismiss the copyright claim

- 17 -

without prejudice or to allow Cortés-Ramos to supplement his complaint under Rule 15(d) to allege registration.  If the district court decides to allow supplementation, the district court must, of course, determine whether it has personal jurisdiction over Martin and whether venue is proper.[8]

**Affirmed-in-part, vacated-in-part, and remanded.**

**Costs to neither party.**

---

[8] We do not address whether Cortés-Ramos assigned his rights to his music video to Sony by agreeing to the SuperSong contest rules because that issue was not reached by the district court.