# United States Court of Appeals
## For the First Circuit

Nos. 20-1038, 20-1089

NOEMI TORRES-RONDA; ANGELO RIVERA-LAMBOY,

Plaintiffs, Appellants/Cross-Appellees,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY; AIG INSURANCE COMPANY -
PUERTO RICO, f/k/a Chartis Insurance Company of Puerto Rico;
ALLSTATE INSURANCE COMPANY,

Defendants, Appellees/Cross-Appellants,

JOINT UNDERWRITING ASSOCIATION; CARIBBEAN ALLIANCE INSURANCE
COMPANY; COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO;
INTEGRAND ASSURANCE COMPANY; MAPFRE-PRAICO INSURANCE COMPANY;
QBE SEGUROS, f/k/a Optima Insurance Company; REAL LEGACY
ASSURANCE COMPANY, f/k/a Royal & Sun Alliance of Puerto Rico,
Inc.; SEGUROS TRIPLE S PROPIEDAD, INC.; UNIVERSAL INSURANCE
COMPANY,

Defendants, Appellees,

NATIONAL INSURANCE COMPANY; GENERAL ACCIDENT INSURANCE COMPANY;
JAVIER RIVERA-RIOS, in his official capacity as Insurance
Commissioner of the Commonwealth of Puerto Rico; CARLOS
CONTRERAS-APONTE, in his official capacity as Secretary of the
Department of Transportation and Public Works; FRANCISCO PARES-
ALICEA, in his official capacity as the Secretary of the
Treasury of the Commonwealth of Puerto Rico,

Defendants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lynch, Lipez, and Barron,
<u>Circuit Judges</u>.

———————————

  <u>Pedro R. Vazquez, III</u>, with whom <u>José F. Quetglas Jordán</u>, <u>Eric Quetglas-Jordán</u>, and <u>Quetglas Law Firm P.S.C.</u> were on brief, for appellants/cross-appellees.
  <u>Moraima S. Ríos-Robles</u>, with whom <u>Luis Sánchez-Betances</u>, <u>Salvador J. Antonetti-Stutts</u>, <u>Daniel Pérez-Refojos</u>, <u>Diana Batlle-Barasorda</u>, <u>Fernando D. Castro-Maldonado</u>, <u>Ángel E. Rotger-Sabat</u>, <u>Luis J. Clas-Wiscovitch</u>, <u>Arroyo & Ríos Law Offices, P.S.C.</u>, <u>Sánchez-Betances, Sifre & Muñoz Noya, P.S.C.</u>, <u>O'Neill & Borges LLC</u>, <u>Casillas Santiago Torres, LLC</u>, <u>Saldaña, Carvajal & Vélez-Rivé, P.S.C.</u> were on brief, for appellees.
  <u>Mark L. Hanover</u>, with whom <u>Steven M. Levy</u>, <u>Eduardo A. Zayas-Marxuach</u>, <u>Dentons US LLP</u>, and <u>McConnell Valdés LLC</u> were on brief, for appellees/cross-appellants.

———————————

November 17, 2021

———————————

**LYNCH**, **Circuit Judge**. This case involves whether the district court erred under the <u>Erie</u> doctrine, <u>see</u> <u>Erie R.R. Co.</u> v. <u>Tompkins</u>, 304 U.S. 64 (1938), in adopting the reasoning of the decision of the Court of Appeals of Puerto Rico in <u>Collazo Burgos</u> v. <u>La Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio</u>, No. K AC2010-0179, 2017 WL 6884428 (P.R. Cir. Nov. 30, 2017). Plaintiffs, appellants/cross-appellees Noemi Torres-Ronda and Angelo Rivera-Lamboy ("Plaintiffs"), filed a class action lawsuit alleging that defendants, appellees Joint Underwriting Association ("JUA") and several insurance companies (collectively, "Defendants"), violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Puerto Rico law.

The district court granted two summary judgment motions, one filed on behalf of all Defendants and one filed on behalf of certain Defendants.[1] In doing so, the district court adopted the findings of law in <u>Collazo Burgos</u> and held that Defendants' actions were required by Puerto Rico law and thus could not support a RICO claim. <u>See</u> <u>Torres Ronda</u> v. <u>Joint Underwriting Ass'n</u>, No. 3:11-1826, slip op. at 11-15 (D.P.R. Sept. 30, 2019).

We affirm.

---

[1]  Those Defendants which filed the second summary judgment motion include JUA, Caribbean Alliance Insurance Company, Cooperativa de Seguros Múltiples de Puerto Rico, Integrand Assurance Company, MAPFRE-PRAICO Insurance Company, QBE Seguros, Real Legacy Assurance Company, Seguros Triple-S Propiedad, Inc., and Universal Insurance Company.

**I.**

Puerto Rico law requires all who own motor vehicles to buy automobile insurance for a set premium. See P.R. Laws Ann. tit. 26, §§ 8051, 8056. On August 19, 2011, Plaintiffs filed a class action lawsuit, representing two classes of owners of either private or commercial motor vehicles who purchased compulsory automobile insurance between 1998 and the adjudication of the action. Plaintiffs alleged that Defendants violated RICO and Puerto Rico law by failing to refund a portion of compulsory automobile insurance premiums intended for "acquisition costs" and "administrative costs" that were never expended.

On November 14, 2014, Defendants moved for summary judgment, asserting among other reasons that their conduct complied with Puerto Rico law and thus could not form the basis of the RICO claims. While the motion for summary judgment remained pending, Plaintiffs negotiated a partial settlement with cross-appellants.[2] On April 22, 2016, the Plaintiffs moved for preliminary approval of the partial settlement agreement. The district court never approved the proposed settlement, preliminarily or finally, and the Defendants involved in the

---

[2] Cross-appellants include Nationwide Mutual Insurance Company, AIG Insurance Company - Puerto Rico, and Allstate Insurance Company.

- 4 -

settlement never withdrew from the pending summary judgment motion.

On November 30, 2017, in separate litigation, the Court of Appeals of Puerto Rico ("Court of Appeals") affirmed a Puerto Rico trial court's grant of summary judgment in Collazo Burgos, a case considering similar issues to those in this action. 2017 WL 6884428, at *6. The Court of Appeals applied traditional canons of statutory construction and held that under Puerto Rico law, compulsory automobile insurance premiums from JUA are not reimbursable as a matter of law. Id. at *4-5.[3]

On June 18, 2018, certain Defendants, uninvolved in the proposed settlement, filed a second motion for summary judgment based on the Court of Appeals decision in Collazo Burgos. On

_____

[3] The Court of Appeals acknowledged that two conflicting Puerto Rico laws constrain JUA. Collazo Burgos, 2017 WL 6884428, at *4. First, under P.R. Laws Ann. tit. 26, § 2716(3), "[a]ny sum collected as premium or charge for insurance in excess of the amount actually expended for insurance . . . shall be returned to the person entitled thereto." Second, under P.R. Laws Ann. tit. 26, § 8051, the compulsory automobile insurance premium required under the chapter is not "refundable."

The Court of Appeals held that section 8051, which bars reimbursement of premiums, is controlling for two reasons. First, section 8051 was passed more recently than section 2716. Second, section 8051 applies with a greater degree of specificity. Id. at *4-5. Section 8051 applies solely to the compulsory automobile insurance at issue in the case, whereas section 2716 applies more generally to the insurance code. As such, the Court of Appeals held that section 8051 is controlling, and the compulsory automobile insurance premiums paid to JUA are not reimbursable as a matter of law. Id.

- 5 -

September 30, 2019, the district court granted both summary judgment motions. See Torres Ronda, slip op. at 16. The district court applied the Erie doctrine and adopted the Court of Appeals' reasoning in Collazo Burgos. Id. at 11-12. The district court found that Plaintiffs presented no law or other evidence that the Supreme Court of Puerto Rico would decide the issue differently than did the Court of Appeals. Id. at 12.

Plaintiffs timely appealed.

## II.

We review de novo a district court's grant of summary judgment. See Foss v. Marvic Inc., 994 F.3d 57, 64-65 (1st Cir. 2021) (citing Henderson v. Mass. Bay Transp. Auth., 977 F.3d 20, 29 (1st Cir. 2020)). We review the district court's judgment calls, including the decision to approve or reject a class settlement, for abuse of discretion. See Robinson v. Nat'l Student Clearinghouse, 14 F.4th 56, 59 (1st Cir. 2021) (citing Bezdek v. Vibram USA, Inc., 809 F.3d 78, 82 (1st Cir. 2015)).

## A.

We begin with whether the district court erred under the Erie doctrine in adopting the Court of Appeals of Puerto Rico's reasoning in Collazo Burgos. We do not review the legal conclusions of the Court of Appeals of Puerto Rico. See, e.g., Jones v. Secord, 684 F.3d 1, 11 (1st Cir. 2012) ("The plaintiff, who made a deliberate choice to sue in federal court rather than

- 6 -

in a New Hampshire state court, is not in a position to ask us to blaze a new trail that the New Hampshire courts have not invited."). The relevant question is whether the district court erred in relying on the Court of Appeals of Puerto Rico's decision in Collazo Burgos, not -- as Plaintiffs would have it -- whether the Court of Appeals was wrong as to the legal issue before it.

Under the Erie doctrine, "we apply 'state substantive law' as that law has been applied by the state's highest court." Philibotte v. Nisource Corp. Servs. Co., 793 F.3d 159, 165 (1st Cir. 2015) (quoting Barton v. Clancy, 632 F.3d 9, 17 (1st Cir. 2011)).[4] "[I]n the absence of more convincing evidence of what the state law is, [an intermediate state court decision] should be followed by a federal court in deciding a state question." Fid. Union Trust Co. v. Field, 311 U.S. 169, 177-78 (1940). We have consistently followed the decisions of state intermediate appellate courts in the absence of convincing evidence that the state's highest court would decide otherwise. See, e.g., Candelario Del Moral v. UBS Fin. Servs. Inc. of P.R., 699 F.3d 93, 103 n.7 (1st Cir. 2012) (looking to a Court of Appeals of Puerto Rico case in the absence of a "reason to think that the [Supreme Court of Puerto Rico] would hold differently"); see also Vt. Mut.

---

[4] For the purposes of the Erie doctrine, Puerto Rico is the functional equivalent of a state. See González Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 318 (1st Cir. 2009).

Ins. Co. v. Zamsky, 732 F.3d 37, 44 (1st Cir. 2013); Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 54-55 (1st Cir. 2008).

Here, the district court did not err in adopting the reasoning of the Court of Appeals. The district court properly concluded that Plaintiffs presented no Puerto Rico case law or other evidence to suggest that the Supreme Court of Puerto Rico would decide the issue differently than the Court of Appeals. Plaintiffs argue that the decision in Collazo Burgos conflicts with our court's previous decision in Arroyo-Melecio v. Puerto Rican American Insurance Co., 398 F.3d 56 (1st Cir. 2005). Even assuming arguendo inconsistency between the two decisions, under the Erie doctrine, the recent decision by the Puerto Rico intermediate appellate court is more authoritative as to Puerto Rico law than our court's much earlier dictum regarding Puerto Rico law. We accept Collazo Burgos for its persuasiveness, as we are entitled to do. See Candelario Del Moral, 699 F.3d at 103 n.7; see also P.R. Laws Ann. tit. 4, § 24x. The crux of Plaintiffs' argument is that Collazo Burgos was wrongly decided, but that is irrelevant to the Erie question before us. We look to Collazo Burgos because there is no reason to think the Supreme Court of Puerto Rico would resolve the question differently.

Plaintiffs conceded at oral argument that if the district court committed no Erie error in relying on the Court of

- 8 -

Appeals' articulation of Puerto Rico law, they cannot sustain their RICO claims. Under Collazo Burgos, Defendants' actions were not only legal, but indeed required by Puerto Rico law. As such, Defendants' actions cannot serve as the basis for the mail fraud predicate acts of the RICO claims, and the district court properly granted summary judgment in favor of Defendants.

**B.**

Plaintiffs separately argue that the district court erred by failing to rule on the motion for preliminary approval of the class settlement before ruling on the motions for summary judgment.[5]

District courts have broad discretion in controlling their dockets. See United States v. Correia, 531 F.2d 1095, 1098 (1st Cir. 1976) ("It is axiomatic that the district court has inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion."). Relying on this broad discretion, the district court decided to adjudicate the summary judgment motions before the motion for preliminary

---

[5] All Defendants were proper movants for summary judgment. Although cross-appellants (those involved in the proposed settlement) did not join the June 18, 2018, summary judgment motion, all Defendants remained movants as to the November 14, 2014, summary judgment motion. The 2014 summary judgment motion did not cite to Collazo Burgos as it was filed before the decision. Notwithstanding, Defendants' first argument in the 2014 motion -- that their actions were legally required under Puerto Rico law -- is the same legal argument adopted by the Court of Appeals in Collazo Burgos.

approval of the class settlement.  We find that the district court did not abuse its discretion in so doing.[6]

## III.

<u>Affirmed</u>.

---

[6]    Because we affirm the district court's summary judgment rulings, we do not address cross-appellants' argument as to the district court's class certification rulings.