# United States Court of Appeals
## For the First Circuit

No. 20-1008

CYNTHIA FOSS,

Plaintiff, Appellant,

v.

MARVIC INC., d/b/a Brady-Built Sunrooms,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Lynch and Selya, Circuit Judges,
and Katzmann,* Judge.

Andrew Grimm, with whom Gregory Keenan and Digital Justice Foundation were on brief, for appellant.
James M. McLaughlin, with whom David F. Hassett, Sarah B. Christie, Melina M. Garland, and Hassett & Donnelly, P.C. were on brief, for appellee.

April 12, 2021

---

* Of the United States Court of International Trade, sitting by designation.

**LYNCH**, **Circuit Judge**.  Cynthia Foss is a graphic designer who, in 2006, created a brochure for Marvic d/b/a Brady-Built Sunrooms ("Marvic") to use in marketing its sunrooms and for which she was paid.  Twelve years later, she filed a complaint in federal district court on January 19, 2018, alleging a federal claim for copyright infringement and pendent state law claims.  The district court entered three separate rulings at issue in this appeal.  On March 19, 2019, it granted Marvic's motion to dismiss Foss's copyright claim.  See Foss v. Marvic, 365 F. Supp. 3d 164, 167 (D. Mass. 2019).  On September 30, 2019, it denied Foss's motion to withdraw certain statements that the court had deemed admitted.  See Order Den. Mot. for Recons., Foss v. Marvic, No. 4:18-cv-40010-TSH, (D. Mass. Sept. 30, 2019), ECF No. 74.  On December 5, 2019, it granted Marvic's motion for summary judgment on Foss's state law claims.  See Foss v. Marvic, 424 F. Supp. 3d 158, 163 (D. Mass. 2019).  Foss appeals from these rulings.  We affirm.

## I.  Facts

In June 2006, Foss, acting through Hunter Foss Design Inc., of which she is the President and Creative Director, provided Marvic with an estimate of $3,000 for work in designing a twenty-page brochure.  The estimate said that this cost would include the "usual and customary fees for research and design of (1) 20 page brochure only; presentation of up to 3 comprehensive designs showing style; 1 final layout showing format; 2 rounds of

revisions; pdf files for email proofs; all file preparation for printer, and permanent file archiving." Marvic engaged Foss and paid her for her work. Marvic began using the brochure around that time.

Foss alleges that ten years later, in 2016, she discovered that Marvic had begun using a modified version of the brochure she had designed in print and online without asking for or receiving her permission. In November 2017, she sent a letter to Marvic demanding payment for lost wages and copyright infringement. She also sent Marvic an invoice for $264,000 seeking compensation for Marvic's alleged copyright infringement over an eleven-year period. She alleges that Marvic did not pay this invoice.

## II. Procedural History

Foss filed suit pro se against Marvic on January 19, 2018, in federal district court in Massachusetts. Her complaint alleged that Marvic had infringed on her copyright and alleged, inaccurately, that she had "applied for official U.S. Copyright Registrations" for the brochure.

Marvic filed an answer on May 9, 2018, denying Foss's allegations and asserting several affirmative defenses, including that Foss's claims were time barred and that she presented no evidence that she applied for copyright registration. Marvic filed a motion to dismiss on August 7, 2018.

On August 9, 2018, Foss filed an amended complaint.  She stated six causes of action: (1) copyright infringement; (2) tortious interference with advantageous business relations; (3) conversion; (4) unfair and deceptive business practices; (5) breach of contract; and (6) fraud and breach of fiduciary duty. Foss also stated that she had registered the brochure with the U.S. Copyright Office on February 13, 2018 and February 28, 2018. In fact, she had only applied for registration.

Marvic filed an amended motion to dismiss Foss's copyright and breach of contract claims for failure to state a claim on September 11, 2018.  Foss did not oppose the motion, and the district court dismissed the case on October 3, 2018.

On October 19, 2018, Foss filed a motion to reopen the case and a motion for a preliminary injunction, both of which Marvic opposed.  The district court granted the motion to reopen the case on January 9, 2019, and Foss filed an opposition to Marvic's motion to dismiss that same day.  Foss then retained counsel, who entered an appearance on her behalf on February 22, 2019, the day the court held a hearing on Marvic's motions.

One of Marvic's arguments in support of dismissing Foss's copyright claim was that Foss failed to establish that she had registered her copyright, as required under 17 U.S.C. § 411(a). Marvic noted the existence of a circuit split about whether 17 U.S.C. § 411(a) required the U.S. Copyright Office to grant an

application or whether the submission of the application alone suffied. Marvic maintained that regardless of which standard applied, Foss's "conclusory statements" merely asserting the brochure was "registered" failed to meet either standard.

On February 26, 2019, the district court stayed the case pending the Supreme Court's decision in Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019), which addressed the meaning of the phrase "registration . . . has been made" in 17 U.S.C. § 411(a).[1]  That decision issued on March 4, 2019, and held that registration occurs "not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application."  Fourth Est., 139 S. Ct. at 892.  The district court lifted its stay and entered an order on March 19, 2019, granting Marvic's motion to dismiss in part.  Relying on Fourth Estate, it dismissed Foss's copyright claim because "the Copyright Office has not acted upon [Foss's] application for a copyright."  Foss, 365 F. Supp. 3d at 167.  The district court did not dismiss Foss's breach of contract claim because she had "done enough to summarize the contract's purported legal effect and provide Defendant notice of the nature of the claim."  Id.

---

[1]   At the hearing on February 22, 2019, the court asked the parties whether they thought the case should be stayed pending the Supreme Court's decision.  Foss opposed the stay, while Marvic supported it.

On May 2, 2019, Marvic served Foss, then represented by counsel, with a request for production of documents and request for admissions pursuant to Federal Rules of Civil Procedure 34 and 36.  Foss did not respond to either request, so on June 21, 2019, Marvic moved to compel a response to the request for documents and, on July 8, 2019, filed a motion for discovery asking that the statements in its request for admissions be deemed admitted.  The district court granted both motions on August 13, 2019.

The district court held a status conference attended by counsel for all parties on August 21, 2019.  At this conference, Marvic told the court that it intended to file a dispositive motion on Foss's remaining claims based on the statements the court had deemed admitted.

On August 28, 2019, Foss's counsel moved to withdraw from the case as of September 9, 2019.[2]  The court granted this motion on September 5, 2019.

In late August and early September 2019, Foss, again proceeding pro se, filed a series of motions requesting, among other things,[3] that the court reconsider its order deeming admitted

---

[2]   Foss's attorney had been suspended from the practice of law in Massachusetts.

[3]   Foss also requested that the court compel arbitration, appoint a law student to represent her pro bono, and "[o]rder a special subpoena authority" she said was warranted under Federal Rule of Civil Procedure 34.  The court denied the first two requests on September 25, 2019.  It denied her third request

the statements in Marvic's request for admissions; that her time to respond to Marvic's request for admissions be extended; and that the court not grant summary judgment in Marvic's favor. She also filed a motion captioned that the court should enter summary judgment in her favor, but she provided no evidence or developed argumentation in support of that contention. Marvic opposed these motions and filed its own motion for summary judgment on September 13, 2019. Foss did not argue that her state law claims should be dismissed without prejudice given the dismissal of her federal claim. See 28 U.S.C. § 1367.

On September 25, 2019, the district court denied Foss's request for more time to answer Marvic's request for admissions. On September 30, 2019, it denied her request for reconsideration of the court's order deeming certain statements admitted.

The court held a hearing on the parties' motions for summary judgment on November 5, 2019. Foss attended this hearing and argued pro se. On December 5, 2019, the court granted Marvic's motion, denied Foss's motion, and entered judgment in Marvic's favor. In doing so, it referred in part to the statements in Marvic's request for admissions that were deemed admitted. First, on Foss's tortious interference claim, it held that she could not establish a prima facie case because she "has not identified any

_____

without prejudice on September 30, 2019, and instructed her to comply with Local Rule 37.1.

advantageous relation with a third party or submitted any evidence showing that Defendant knew of such a relation and intentionally interfered with it" and because Foss had conceded that she had no evidence showing that Marvic interfered with her business. Foss, 424 F. Supp. 3d at 161. Second, on her conversion claim, the court explained that no reasonable juror could find in Foss's favor because she "conceded that she did not inform Defendant that she owned all rights to the graphic images or that Defendant needed her permission to modify the work" and offered no evidence to support the conclusion that Marvic "intended to deprive her of her property." Id. Third, on her unfair and deceptive business practices claim, the court held that because Foss "conceded that she did not inform Defendant in 2006 that she owned all rights to her work or that Defendant needed her permission to modify it," no reasonable jury could find in her favor. Id. at 162. Fourth, on her breach of contract claim, it granted summary judgment to Marvic because Foss conceded that the contract did not require Marvic to obtain Foss's consent before using or modifying the brochure. Id. Finally, on Foss's fraud claim,[4] the district court ruled in Marvic's favor because of Foss's earlier-described concessions and because she had offered no evidence that Marvic knew it was making

---

[4]    Foss initially brought a breach of fiduciary duty claim but had withdrawn it before the district court ruled on Marvic's summary judgment motion. Foss, 424 F. Supp. 3d at 162.

a false representation or that she relied on any false representation to her detriment. Id. at 162-63.

On December 13, 2019, Foss pro se filed a notice of appeal from the orders described earlier. She later retained appellate counsel who entered an appearance on February 20, 2020, and filed her briefs in this appeal.

### III. Analysis

A. The District Court Did Not Err in Granting Marvic's Motion to Dismiss Foss's Copyright Claim.

We review a grant of a motion to dismiss for failure to state a claim de novo. See Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021). We find no error.

In Fourth Estate, the Supreme Court held that registration occurs when the Copyright Office registers a copyright, not when a copyright owner applies for a copyright. 139 S. Ct. at 888. "[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." Id. at 887. Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted" until "registration of the copyright claim has been made." Here, Foss admits that she did not register her copyright before filing suit. The district court's dismissal of the suit under Fourth Estate was proper. See Cortés-Ramos v. Martin-Morales, 956 F.3d 36, 43 (1st Cir. 2020)

(applying Fourth Estate and holding that because the plaintiff "conceded that he had not secured registration before filing [the] action," the district court was correct to dismiss the plaintiff's complaint).

Foss makes two main arguments against this conclusion, neither of which is persuasive.[5]  First, she argues that the district court erred because, instead of dismissing her copyright claim, it should have stayed her claim pending the U.S. Copyright Office's decision on registration and copyrightability.  But Foss never asked the district court for any such stay and so has waived this argument.  See CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 622 (1st Cir. 1995) ("A party who neglects to ask the trial court for relief that it might reasonably have thought would be available is not entitled to importune the court of appeals to grant that relief."); Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) ("[A]bsent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal.").

---

[5]  Foss submitted her opening brief on March 27, 2020, before this court decided Cortés-Ramos on April 13, 2020.  To the extent she argues that her submission of a complaint did not "institute" proceedings and trigger § 411(a), that argument is barred by Cortés-Ramos.  See 956 F.3d at 42-43.

Next, Foss argues that her failure to register her copyright before filing suit could be and later was cured, making dismissal improper.[6]  This argument fails.  She asserts that her copyright registration must be deemed to be effective as of December 3, 2018, which predates the district court's dismissal of her claim on March 19, 2019.  But Foss did not present this argument to the district court.  She learned that the Copyright Office had registered her copyright on December 13, 2019, almost nine months after the district court had dismissed her case, and did not move for any relief from the district court's judgment.  Instead, she filed this appeal on December 13, 2019.  In addition to her failure to diligently pursue this issue, "[i]t is elementary . . . that we review the record as it existed at the time the district court rendered its ruling."  Lewis v. City of Boston, 321 F.3d 207, 214

---

[6]  The district court dismissed Foss's copyright claim pursuant to Federal Rule of Civil Procedure 12(b)(6) without stating whether the dismissal was with or without prejudice.  Generally, when the district court is "silent on the issue of prejudice," we "presume that such a dismissal was with prejudice."  Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 49 (1st Cir. 2014).  In Cortés-Ramos, this court held that a plaintiff's failure to register a copyright before filing suit warranted dismissal but held that the district court should have dismissed the claim without prejudice.  956 F.3d at 43.  Foss discusses Cortés-Ramos in her reply brief but does not argue that the district court should have dismissed her claim without prejudice.  Instead, she argues that Cortés-Ramos supports her two main arguments that "a rush-to-dismiss approach is not mandatory" and that the registration of her copyright after dismissal cured any defect in her failure to register her copyright before filing suit.  We therefore do not address whether her claim should have been dismissed without prejudice.

n.7 (1st Cir. 2003) (citing <u>Crawford</u> v. <u>Lamantia</u>, 34 F.3d 28, 31 (1st Cir. 1994)).  Because there was no evidence in the record that Foss had registered her copyright when the court issued its order of dismissal on March 19, 2019, there was no error in its ruling.

B. <u>The District Court Did Not Abuse its Discretion in Denying Foss's Motion to Withdraw Her Deemed Admitted Statements.</u>

Under Federal Rule of Civil Procedure 36(a), after a party serves a written request for admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."  Rule 36(b) provides a mechanism for withdrawing admissions after they have been deemed admitted, and "[d]istrict courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to Rule 36."  <u>Farr Man & Co.</u> v. <u>M/V Rozita</u>, 903 F.2d 871, 876 (1st Cir. 1990) (citing <u>Bergemann</u> v. <u>United States</u>, 820 F.2d 1117 (10th Cir. 1987); <u>Brook Village N. Assocs.</u> v. <u>General Elec. Co.</u>, 686 F.2d 66, 70 (1st Cir. 1982); 4A J. Moore & J. Lucas, Moore's Federal Practice ¶ 36-08 at 36-80 (2d ed. 1990)).  We

review a denial of a request to withdraw admissions for abuse of discretion and find none here.[7]  Cf. id.

Under Rule 36(b), a district court "may permit withdrawal or amendment" if two conditions are met: (1) doing so "would promote the presentation of the merits of the action" and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Foss argues that the district court abused its discretion because it denied her motion through "two perfunctory orders on the docket" and did not properly engage with the standard in Rule 36(b).

We may "affirm a district court's ruling for any reason supported by the record," Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 563 (1st Cir. 2021) (citing Miles v. Great N. Ins. Co., 634 F.3d 61, 65 n.5 (1st Cir. 2011)), and "in the context of review for abuse of discretion, . . . this court offers deference to the district court's decisionmaking to the extent its 'findings or reasons can be reasonably inferred.'"  Id. (quoting Cotter v. Mass.

---

[7]  Foss requested withdrawal of the statements the court had deemed admitted in a "Motion for Reconsideration" that did not mention Federal Rule of Civil Procedure 36 or the standard under which it is permissible for a party to seek withdrawal of statements deemed admitted under Rule 36(a).  Because she was acting pro se when she filed this motion, and because "[a] document filed pro se is 'to be liberally construed,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), we construe her motion as a motion under Rule 36(b).

Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 34 (1st Cir. 2000)).

Marvic argued to the district court that Foss's request to withdraw the statements deemed admitted came too late. It said that the court should not revisit its order deeming the statements admitted because Foss's motion was "long overdue" and Foss was represented by counsel during the first four months she failed to respond to Marvic's request for admissions. While the district court did not explicitly state those reasons, the potential prejudice to Marvic was obvious.[8] Resolution of this case has been delayed repeatedly. Foss waited more than twelve years after she designed the brochure for Marvic to file her complaint. She alleges she did not discover Marvic's purportedly unauthorized use of the brochure until 2016, but even so waited until 2018 to bring suit. She then failed to answer Marvic's 2018 motion to dismiss, causing this case to be dismissed. She was permitted to reopen the case in 2019 and, even after retaining counsel, failed to respond to any of Marvic's discovery requests. Her failure to respond to Marvic's request for admissions resulted in Marvic's July 8, 2019, motion to deem these statements admitted, which Foss never opposed and which the court granted on August 13, 2019. Foss

---

[8] On appeal, Marvic does not contest that granting the motion would have "promote[d] the presentation of the merits of the action." Fed. R. Civ. P. 36(b).

then waited more than a month to request withdrawal of the statements deemed admitted.[9] Given this case's long history marked by repeated delays by Foss and the erratic nature in which she chose to prosecute it, Marvic would have been prejudiced if Foss were allowed to further delay the case by withdrawing her admissions. See United States v. Kenealy, 646 F.2d 699, 703 (1st Cir. 1981) (holding that, after a notice of default had issued and the default was later removed, it was within the district court's discretion to deny a defendant's motion seeking withdrawal of statements deemed admitted when the defendant had repeatedly delayed the proceedings, had failed "to oppose [a] request for [involuntary admission]," and had engaged in "cavalier conduct" in the discovery process). On this record, the conditions of Rule 36(b) were not met and the district court did not abuse its discretion.

C. The District Court Did Not Err in Granting Marvic's Motion for Summary Judgment on Foss's Remaining Claims.

We review a grant of summary judgment de novo. See Henderson v. Mass. Bay Transp. Auth., 977 F.3d 20, 29 (1st Cir.

---

[9] On August 30, 2019, Foss submitted a "Motion to Extend Time to Answer Defendant's Requests for Admittance" and included answers to the original request for admissions. This filing came more than four months after Marvic asked for Foss's admissions, almost two months after Marvic filed its motion asking the court to deem the statements admitted, and two weeks after the district court had granted that motion.

2020). Foss argues that, even if the district court did not abuse its discretion in denying Foss's motion to withdraw the statements deemed admitted, it erred when it granted summary judgment on her conversion claim, her breach of contract claim, and her unfair and deceptive business practices claim.[10] We again find no error.

First, for a conversion claim to succeed under Massachusetts law, the defendant must, among other things, have intentionally and wrongfully exercised control or dominion over another's personal property. Evergreen Marine Corp. v. Six Consignments of Frozen Scallops, 4 F.3d 90, 95 (1st Cir. 1993). Foss's deemed admissions mean that she cannot satisfy that standard.[11] Independently, Foss also offered no evidence that she

---

[10] Foss did not argue to the district court that it should have dismissed her state law claims without prejudice after dismissing her federal claim and does not make this argument on appeal, so the issue is waived. Even if it were not waived, district courts have discretion to retain pendent state law claims after dismissing a plaintiff's federal claim. See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). There was no abuse of discretion in retaining the state law claims here given the clarity of state law, the district court's sound basis for disposing of the claims, and the additional time it would have taken to resolve the case if the court were to dismiss Foss's pendent claims without prejudice. See id.

[11] Foss made four admissions that prevent her from succeeding on her conversion claim: (1) she "possesses no evidence to support her contention . . . that [Marvic] intended 'to deprive [her] of her own use, display, modification, and sale of [her] intellectual property'"; (2) she "never informed anyone at [Marvic] that she owned all graphic design images in [the brochure]"; (3) if a contract existed, it "did not require Marvic . . . to obtain [Foss's consent] before using and/or modifying [Foss's] work"; and (4) her "work on [the brochure] was limited to

in fact had the ownership interest she maintains she had in the design of the brochure. No reasonable juror could conclude that Marvic intentionally and wrongfully exercised control or dominion over Foss's personal property.

Next, on Foss's breach of contract claim, her complaint stated that Marvic breached the contract because it "modifi[ed] [Foss's] copyrighted 2D visual artwork without notifying [Foss] to obtain the required consent or agreement." But Foss admitted that "if a contract or agreement existed between [Foss and Marvic], the contract or agreement did not require [Marvic] to obtain [Foss's] consent . . . before using and/or modifying the [P]laintiff's work." And she has never presented any evidence that Marvic entered into a contract with her containing such terms.

Finally, on the unfair and deceptive business practices claim, "'[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal,' as a result of the unfair or deceptive act or practice, or unfair method of competition, of another person who engaged in trade or commerce" can recover under this theory. Auto Flat Car Crushers, Inc. v. Hanover Ins. Co., 17 N.E.3d 1066, 1076 (Mass. 2014) (quoting Mass. Gen. Laws. ch. 93A, § 11) (alteration in original). The Massachusetts Supreme Judicial Court "has

_____

assembling the photographs and written content provided by Marvic . . . ."

repeatedly held that 'mere negligence,' standing alone, is not sufficient for a violation of ch. 93A." Baker v. Goldman, Sachs & Co., 771 F.3d 37, 51 (1st Cir. 2014); see Klairmont v. Gainsboro Rest., Inc., 987 N.E.2d 1247, 1257 (Mass. 2013); Darviris v. Petros, 812 N.E.2d 1188, 1192 (Mass. 2004). Summary judgment was proper because Foss admitted that she had no evidence that Marvic intended to deprive her of property and that any agreement did not require Marvic to obtain her consent to modify or use the brochure. She also presented no evidence of any unfair or deceptive act or practice or unfair method of competition that occurred during her dealings with Marvic. No reasonable juror could find that Marvic behaved unfairly or deceptively in modifying and later using the brochure.

## IV. Conclusion

Affirmed. Costs are awarded to Marvic.