# United States Court of Appeals
## For the First Circuit

No. 23-1214

CYNTHIA FOSS, Hunter Foss Design & Interest,

Plaintiff, Appellant,

v.

MARVIC, INC., d/b/a Brady-Built Sunrooms; BRADYBUILT, INC.; JOHN
DOES; CHARTER COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, LLC,

Defendants, Appellees.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]


Before
Barron, Chief Judge,
Lipez and Kayatta, Circuit Judges.


Gregory Keenan, with whom Andrew Grimm and Digital Justice
Foundation were on brief, for appellant.
Sarah B. Christie, with whom David F. Hassett and Hassett &
Donnelly, P.C. were on brief for appellees Marvic, Inc. and Brady-
Built, Inc.
Zachary C. Howenstine, with whom Richard L. Brophy, Abigail
L. Twenter and Armstrong Teasdale, LLP, were on brief for appellees
Charter Communications, Inc. and Charter Communications, LLC.


June 10, 2024

BARRON, **Chief Judge**.  In this appeal, Cynthia Foss, a graphic designer, challenges the dismissal on preclusion grounds of her claim alleging copyright infringement against Marvic, Inc., d/b/a Brady-Built Sunrooms ("Marvic"), and Brady-Built, Inc., based on Marvic's allegedly unauthorized use of a marketing brochure that Foss had created.  She also challenges both the dismissal on jurisdictional grounds of her claim for a declaratory judgment that Charter Communications, Inc. and Charter Communications, LLC (Marvic's internet service provider), are not eligible for the Digital Millennium Copyright Act ("DMCA") safe-harbor defense, see 17 U.S.C. § 512(a), and the dismissal of that same claim on the merits under Federal Rule of Civil Procedure 12(b)(6).  We vacate the dismissal of the copyright-infringement claim.  As to the declaratory-judgment claim, we affirm the dismissal for lack of jurisdiction and therefore vacate that claim's dismissal under Rule 12(b)(6).

## I.

This appeal has a lengthy procedural history, which bears directly on Foss's challenge to the dismissal on claim-preclusion grounds of her copyright-infringement claim. Accordingly, we begin by describing the dismissal of an earlier copyright-infringement claim that Foss had brought against Marvic alone, as that is the dismissal that was deemed preclusive of the copyright-infringement claim at issue in this appeal.

- 2 -

**A.**

Foss brought the earlier copyright-infringement claim against Marvic alone in the complaint that she filed in January 2018 in the United States District Court for the District of Massachusetts. We will refer to this earlier suit as "Action 1."

Foss's complaint in Action 1 alleged that she had "applied for official U.S. Copyright Registrations" for a twenty-page marketing brochure she had created for Marvic in 2006. Foss v. Marvic Inc. (Foss II), 994 F.3d 57, 59 (1st Cir. 2021) (quoting Foss's original complaint). Foss's complaint, as described by this Court, further alleged that, "in 2016, she discovered that Marvic had begun using a modified version of the brochure she had designed in print and online without asking for or receiving her permission." Id. And, the complaint alleged, "[i]n November 2017, she sent a letter to Marvic demanding payment for lost wages and copyright infringement." Id. Marvic did not, according to the complaint, accede to this demand. See id.

In August 2018, Foss amended her complaint in Action 1 to allege "that she had registered the brochure with the U.S. Copyright Office on February 13, 2018 and February 28, 2018." Id. at 60. In the amended complaint, Foss also added five state-law claims against Marvic alone. See id.

On September 11, 2018, Marvic filed a motion in Action 1 to dismiss the copyright-infringement claim and the state law

breach-of-contract claim.  Id.  The district court granted the motion on October 3, 2018, after Foss did not oppose the motion. Id.

On October 19, 2018, Foss filed a motion in Action 1 to reopen the case and a motion for a preliminary injunction.  Marvic opposed both motions.  Id.  Then, on January 9, 2019, the district court in Action 1 granted the motion to reopen the case, and Foss filed an opposition to Marvic's motion to dismiss that same day. Id.  Foss retained counsel, who entered an appearance on her behalf on February 22, 2019.  Id.

The district court in Action 1 stayed the case on February 26, 2019, pending the United States Supreme Court's decision in Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296 (2019), which construed 17 U.S.C. § 411(a)'s bar against copyright owners suing for infringement "until . . . registration of the copyright claim has been made."  The Supreme Court's decision in Fourth Estate construed this provision to "require[] action by the [Copyright Office] before a copyright claimant may sue for infringement."  586 U.S. at 303.

After Fourth Estate was issued, the district court lifted the stay of Action 1 and dismissed Foss's copyright-infringement claim "[b]ecause the Copyright Office has not acted upon Plaintiff's application for a copyright."  Foss v. Marvic (Foss I), 365 F. Supp. 3d 164, 167 (D. Mass. 2019).  The

district court also allowed Foss's breach-of-contract claim to proceed. See id.

Following that decision, the district court -- on Marvic's unopposed motion -- deemed Foss to have admitted certain statements after she failed to respond to Marvic's request for admissions pursuant to Federal Rule of Civil Procedure 36. See Foss II, 994 F.3d at 60-61.[1] The district court denied Foss's motion to reconsider its decision to deem these statements admitted. See id. at 61. Relying in part on those statements, the district court granted Marvic's motion for summary judgment on the pendent state-law claims. See id. at 61-62.

Foss appealed the dismissal of her copyright-infringement claim, the district court's refusal to allow Foss to withdraw her deemed-admitted statements, and the grant of summary judgment in favor of Marvic on the state-law claims. See id. at 59. We affirmed across the board. Id.

We rejected, based on waiver, Foss's argument that the district court should have stayed, rather than dismissed, her copyright-infringement claim pending the Copyright Office's decision on her application. See id. at 62. We also rejected Foss's argument that the dismissal was improper because her failure

_____

[1] In the middle of discovery, Foss's attorney was suspended from the practice of law in Massachusetts and withdrew from the case. Foss's counsel in this appeal appeared on her behalf in the appeal in Action 1.

to register before filing suit "could be and later was cured." Id. We did so on the ground that "there was no evidence in the record that Foss had registered her copyright when the court issued its order of dismissal on March 19, 2019," and therefore "there was no error in its ruling." Id. at 63. In so concluding, we also noted that Foss "learned that the Copyright Office had registered her copyright on December 13, 2019, almost nine months after the district court had dismissed [the claim], and did not move for any relief from the district court's judgment," but instead filed her appeal on that day. Id.

Finally, in a footnote, we observed that because the district court's order dismissing the copyright-infringement claim was "silent on the issue of prejudice," it would generally be presumed to be a dismissal with prejudice. Id. at 62 n.6. However, we also cited our decision in Cortés-Ramos v. Martín-Morales, in which we held that where a copyright-infringement "complaint is insufficient as to only the registration ground, the district court should not . . . dismiss[] the copyright claim with prejudice." 956 F.3d 36, 43 (1st Cir. 2020); see also Foss II, 994 F.3d at 62 n.6. We declined to address whether the district court erred in not dismissing Foss's copyright-infringement claim without prejudice, because Foss had failed to argue that the district court did so err. See id.

Foss initiated a separate action, the one from which this appeal arises, on May 22, 2020, by filing a new complaint against Marvic alleging copyright infringement based on the same facts alleged in Action 1. We will refer to this suit as "Action 2."

On September 9, 2020, Marvic moved in Action 2 to dismiss Foss's complaint based on claim preclusion and inadequate service of process. Then, on September 21, 2020, Foss filed an amended complaint naming Brady-Built as an additional defendant in her copyright-infringement claim. Foss also named Charter Inc. and Charter LLC ("the Charter Defendants") in the amended complaint and sought a declaratory judgment that the Charter Defendants are not entitled to the safe-harbor defense to copyright infringement provided under the DMCA to certain intermediaries of online content. See 17 U.S.C. § 512.

In response to Foss's amended complaint, Marvic filed in Action 2 a renewed motion to dismiss on October 20, 2020. On December 8, 2020, Brady-Built filed a motion to dismiss Foss's copyright-infringement claim based on claim preclusion and based on Foss's failure adequately to allege that Brady-Built was a successor-in-interest to Marvic. The Charter Defendants moved to dismiss on December 28, 2020, asserting that Foss's claim against them should be dismissed for lack of Article III jurisdiction and

that the claim failed on the merits.  Foss opposed each of these motions.

The District Court in Action 2 stayed the case pending our decision in the Action 1 appeal.  Then, on February 6, 2023, the District Court in Action 2 granted the Charter Defendants' motion to dismiss as well as Marvic's and Brady-Built's ("the Marvic Defendants'") motions to dismiss.

The District Court stated that, "[b]ecause Foss's prior copyright infringement claim against Marvic [in Action 1] was dismissed with prejudice, [it] agree[d], for substantially the reasons stated in their supporting memorand[a], that her copyright claims against all Marvic Defendants in the Amended Complaint are barred by res judicata."[2]  Foss v. Marvi[c], Inc.[3] (Foss III), No. 20-CV-40057, 2023 WL 2505115, at *2 (D. Mass. Feb. 6, 2023).  The District Court also dismissed Foss's claim against the Charter

---

[2] "The terms res judicata and claim preclusion often are used interchangeably.  But res judicata 'comprises two distinct doctrines[:]'" first, issue preclusion, also known as collateral estoppel, which prevents a party from relitigating an issue actually decided in a prior case and necessary to the judgment; and second, claim preclusion, which is "sometimes itself called res judicata."  Brownback v. King, 592 U.S. 209, 215 n.3 (2021) (citations omitted) (quoting Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 U.S. 405, 411, (2020)).  The District Court appears to have been referring to claim preclusion, which is the only res judicata doctrine the parties have briefed in this appeal.

[3] Due to a clerical error, "Marvic, Inc." was spelled "Marvin, Inc." in the caption of the District Court's dismissal order.

Defendants "[f]or the reasons stated in the Charter Defendants' supporting memorandum, i.e., Foss has failed to sufficiently allege a case and controversy and she fails to state a plausible claim." Id. Foss timely appealed.

## II.

Foss first challenges the District Court's dismissal on claim-preclusion grounds of her copyright-infringement claim against the Marvic Defendants in this action -- Action 2 -- based on the dismissal of her copyright-infringement claim against Marvic in Action 1. To establish that claim preclusion applies here, the Marvic Defendants must establish that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 37 (1st Cir. 1998) (quoting Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994)); see also Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 n.12 (1971) (explaining that the federal law of claim preclusion applies in federal-question cases).

Foss does not dispute that the copyright-infringement claim against Marvic that was dismissed in Action 1 is identical to the copyright-infringement claim against the Marvic Defendants that is at issue here. Foss also concedes that there is sufficient

identicality between the parties in Action 1 and Action 2. Foss's challenge to the District Court's decision to dismiss the copyright-infringement claim, therefore, is based on the contention that the dismissal in Action 1 was not a "final judgment on the merits." For the reasons we will explain, we conclude that Foss is right and that the Marvic Defendants have failed to provide any argument on appeal that would permit us to affirm the District Court's dismissal of the claim.

In urging us to conclude that the dismissal of the copyright-infringement claim in Action 1 was not a final judgment on the merits for purposes of claim preclusion, Foss relies on a prior precedent of ours that holds that a dismissal based exclusively on a failure to allege satisfaction of the registration-related precondition to copyright-infringement suits under § 411(a) is not a final judgment on the merits for purposes of claim preclusion. See Cortés-Ramos, 956 F.3d at 43. Indeed, in Foss v. Eastern States Exposition, another case also involving a copyright-infringement claim brought by Foss, we recently explained that a dismissal of copyright-infringement claims on this registration-precondition basis "turns on an issue too disconnected from the merits of the underlying claim to constitute an adjudication of the claimed rights of the parties sufficient to terminate a controversy and preclude future litigation of that controversy." 67 F.4th 462, 468 (1st Cir. 2023) (cleaned up)

- 10 -

(citing Costello v. United States, 365 U.S. 265, 284-88 (1961) (holding that dismissal for failure to satisfy a precondition to suit should not bar a subsequent suit in which the defect has been cured)).

The Marvic Defendants are aware of this precedent. They contend, however, that we still must affirm the District Court's dismissal of the copyright-infringement claim in Action 2 in consequence of Foss's failure to have complied with the registration requirement with respect to her copyright-infringement claim in Action 1. As we will explain, their arguments are not persuasive.

**A.**

First, the Marvic Defendants point out that, in dismissing Foss's copyright-infringement claim against them in Action 2, the District Court stated that this Court in Action 1 "found that despite Foss having registered the copyright while [Action 1] was still pending . . . , she did not seek to vacate the dismissal and amend her complaint to assert that she had a registered copyright. Therefore, in [Action 1], the First Circuit affirmed the dismissal of Foss's copyright claim with prejudice." Foss III, 2023 WL 2505115, at *2 (citing Foss II, 994 F.3d at 57). The Marvic Defendants contend that, in consequence of this explanation for the basis of our decision in Action 1 to affirm the dismissal of the copyright-infringement claim against Marvic

- 11 -

in that action "with prejudice," that dismissal was a "final judgment on the merits," Mass. Sch. of L. at Andover, 142 F.3d at 37, and so precludes the copyright-infringement claim against the Marvic Defendants in this suit, which is Action 2.

That the dismissal in Action 1 was labeled "with prejudice" is not itself dispositive, however, of the dismissal's constituting a "final judgment on the merits" for claim-preclusion purposes. Indeed, we held exactly that in Eastern States Exposition, which was decided after the District Court's ruling here, in Action 2. See E. States Exposition, 67 F.4th at 468 (explaining that "[t]he 'with prejudice' label does not itself determine a dismissal's preclusive effect" (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001))).

Furthermore, there is no support in the record for treating the dismissal of the copyright-infringement claim in Action 1 "as a sanction explicitly based on [Foss's] repeatedly ignoring court directives requiring amendment or refiling to allege compliance with a precondition to suit" and thus, for that reason, a final judgment on the merits for claim-preclusion purposes. Id. at 468 n.9. In dismissing the claim, the district court in Action 1 stated, simply, that the claim was dismissed "[b]ecause the Copyright Office has not acted upon Plaintiff's application for a copyright." Foss I, 365 F. Supp. 3d at 167. We, in turn, affirmed the district court's decision in Action 1 to

- 12 -

dismiss the copyright claim there "[b]ecause there was no evidence in the record that Foss had registered her copyright when the court issued its order of dismissal on March 19, 2019." Foss II, 994 F.3d at 63. In addition, neither the district court's dismissal in Action 1 nor our decision affirming the district court's dismissal there indicates that such a ground for deeming the dismissal claim preclusive was applicable. See E. States Exposition, 67 F.4th at 468 & n.9 (making similar point).

The Marvic Defendants dispute this characterization of what happened in Action 1. They do so based on this Court's statement in Foss II that, "[g]iven this case's long history marked by repeated delays by Foss and the erratic nature in which she chose to prosecute it, Marvic would have been prejudiced if Foss were allowed to further delay the case by withdrawing her" deemed-admitted statements. Foss II, 994 F.3d at 64. However, we made that comment in the section of the opinion that addressed whether the district court in Action 1 abused its discretion in not reconsidering its decision there to "deem" admitted by Foss certain statements before granting summary judgment in favor of Marvic on Foss's state-law claims. See id. We did not suggest that either the long history of the case or Foss's "erratic" approach to litigating it -- as opposed to her failure to satisfy the precondition to suit -- was the basis for the dismissal of Foss's copyright-infringement claim in Action 1.

- 13 -

**B.**

The Marvic Defendants separately contend that, even if the dismissal of Foss's copyright-infringement claim in Action 1 was based solely on her failure to register her copyright before filing suit, we still must affirm the District Court's claim-preclusion-based dismissal of the copyright-infringement claim in Action 2. In so arguing, the Marvic Defendants invoke our prior acknowledgment of the possibility that, under Massachusetts law, a "plaintiff's failure to satisfy a precondition before bringing the first suit" may nevertheless "prejudice[] the defendants, making claim preclusion appropriate." Pisnoy v. Ahmed (In re Sonus Networks, Inc., S'holder Derivative Litig.), 499 F.3d 47, 62 n.8 (1st Cir. 2007).

Pisnoy cited approvingly to Stebbins v. Nationwide Mutual Insurance, 528 F.2d 934, 937 (4th Cir. 1975) (per curiam),[4]

_____

[4] Stebbins appears to have relied for its holding on proposed language in a draft of the Second Restatement of Judgments that was not ultimately adopted in the final version. Compare Stebbins, 528 F.2d at 937 ("Tentative Draft No. 1 of the Restatement, Second, Judgments § 48.1(2) provides that 'a valid and final personal judgment for the defendant which rests on . . . the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after . . . the precondition has been satisfied, unless . . . the circumstances are such that it would be manifestly unfair to subject the defendant to such an action.'" (alterations in original)), with Restatement (Second) of Judgments § 20(2) (Am. L. Inst. 1982) ("A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied,

- 14 -

and to Comment n of Section 20 of the Second Restatement of Judgments ("Restatement"), which addresses when a dismissal based on a failure to satisfy a precondition to suit is capable of being claim preclusive and provides that generally such a dismissal is not claim preclusive.  Comment n provides: "The rule of this Subsection is not an inflexible one.  In some instances, the doctrines of estoppel or laches could require the conclusion that it would be plainly unfair to subject the defendant to a second action."  Restatement § 20 cmt. n.

We most recently acknowledged the possibility described in Comment n in Eastern States Exposition.  There, the case implicated the alternative-determinations doctrine.  In cases implicating that doctrine, there is at least one ground present in the original dismissal judgment that, on its own, could be preclusive under the test for determining when claim preclusion applies.  See E. States Exposition, 67 F.4th at 463-64.  In concluding in Eastern States Exposition that the alternative-determinations doctrine required that one non-preclusive basis for a prior dismissal rendered the dismissal non-preclusive, we stated that "[i]n some instances, the doctrines of estoppel or laches could require the conclusion that it would be plainly unfair to subject the defendant to a second action"

---

unless a second action is precluded by operation of the substantive law.").

- 15 -

despite the operation of the alternative-determinations doctrine. 67 F.4th at 473 (alteration in original) (quoting Restatement § 20 cmt. n).

The Marvic Defendants argue that, although this case does not implicate the alternative-determinations doctrine, the District Court in Action 2 still correctly barred the copyright-infringement claim at issue from going forward. That is so, they contend, because the District Court dismissed that claim "for substantially the reasons stated in" the Marvic Defendants' memorandum in support of dismissal. Foss III, 2023 WL 2505115, at *2.

Here, the Marvic Defendants argue that, by giving those reasons for dismissing the claim, the District Court in Action 2 thereby made clear that the grounds on which it was relying for the dismissal were the arguments that the Marvic Defendants had made for dismissal that were based on "Foss's intentional disregard of and repeated failure to satisfy a precondition to suit." In other words, the Marvic Defendants argue, the basis for the District Court's dismissal of the copyright-infringement claim in Action 2 "included prejudice-based arguments regarding Foss's failure to diligently pursue the copyright registration issue resulting in the 'cost and vexation' of multiple lawsuits, and . . . regarding the Marvic Defendants' preparation to litigate on the merits[,] . . . [and] participation in motion practice and

hearings on the merits of Foss's claims." Accordingly, the Marvic Defendants contend, we should affirm the District Court's dismissal of the copyright-infringement claim on this basis, given our decisions in Pisnoy and Eastern States Exposition.

Foss argues, however, that Comment n applies only in cases implicating the alternative-determinations doctrine. And, she contends, her case does not implicate the alternative-determinations doctrine because the dismissal of her copyright-infringement claim against Marvic in Action 1 was based only on a non-preclusive ground: Foss's failure to have satisfied a precondition to suit. But the Restatement does not appear to be addressing only cases implicating the alternative-determinations doctrine. Rather, it broadly observes in Comment n that even when a prior dismissal was for failure to satisfy a precondition to suit "the doctrines of estoppel or laches could require the conclusion that it would be plainly unfair to subject the defendant to a second action." Restatement § 20 cmt. n. And, outside of the alternative-determinations context, at least one circuit has invoked Comment n of the Restatement in relying on laches to bar a claim from going forward following an earlier dismissal. See Trs. of the Centennial State Carpenters Pension Tr. Fund v. Centric Corp. (In re Centric Corp.), 901 F.2d 1514, 1519 (10th Cir. 1990) (citing Restatement § 20 cmt. n).

- 17 -

We need not determine, however, the precise scope of the limitation that Comment n of the Restatement contemplates to resolve this case. And that is because the Marvic Defendants have failed to show a basis in the record for concluding that any such limitation is applicable here.

The Marvic Defendants do not explain, for example, how the facts of this case match up to the elements of "the doctrines of estoppel or laches" and how those doctrines here "require the conclusion that it would be plainly unfair to subject [them] to a second action." Restatement § 20 cmt. n. Indeed, neither estoppel nor laches is mentioned in the Marvic Defendants' brief, and the record does not support the application of either doctrine to the circumstances of this case. Nor do the Marvic Defendants explain why, the specific requirement of those doctrines aside, it would be "plainly unfair" to burden the Marvic Defendants with a second action. Id.

The Marvic Defendants do argue that Foss is a "uniquely sophisticated litigant" who has "flagrantly disregarded a precondition to filing suit" and "engaged in a series of other misrepresentations before the court." The Marvic Defendants then contend that Foss's misrepresentations to the district court in Action 1 and delay in satisfying the registration requirement in that action "forced the Marvic Defendants to expend significant

costs in defending what is essentially a baseless and frivolous lawsuit."

At oral argument, however, the Marvic Defendants conceded that the prejudice relevant to their claim-preclusion argument did not derive from any potential misrepresentations that Foss may have made in her original complaint regarding when she applied for copyright registration. Thus, the unfairness that the Marvic Defendants rely on appears to inhere in their having to defend Foss's copyright-infringement claim on the merits now in Action 2 -- and not previously in Action 1 -- due to Foss's decision to refile her copyright-infringement claim rather than move for reconsideration of the dismissal of her claim against Marvic in the prior action. The Marvic Defendants argue they are prejudiced by Foss's decision to refile because "Marvic prepared to litigate the merits of the first suit, participated in motion practice and hearings on the merits of inextricably intertwined state law claims, and the extensive litigation in the first action has already made it clear that Foss's claim is frivolous and baseless."

The Marvic Defendants do not dispute, however, that Foss was entitled to amend her complaint and proceed on her copyright-infringement claim after she registered her copyright. Nor do the Marvic Defendants explain why the dismissal of Foss's state-law claims made it clear that her federal copyright-infringement claim is "frivolous and baseless." After

- 19 -

all, when Foss first filed her copyright-infringement claim, there was a circuit split as to whether a plaintiff in her position needed to wait for the Copyright Office to act before filing suit, see Alicea v. Machete Music, 744 F.3d 773, 779 & n.7 (1st Cir. 2014) (noting the split without taking a side in it), and the Supreme Court did not resolve this split until over a year after Foss filed her suit, see Fourth Estate, 586 U.S. at 299. Nor was it plainly unreasonable for Foss to file a second action rather than seek reconsideration of the dismissal in her original action given the implications that seeking reconsideration might have had on the timeliness of the rest of her appeal in Action 1.

Thus, we must conclude that the District Court erred in dismissing Foss's copyright-infringement claim based on claim preclusion. And, as the District Court did not rule on the Marvic Defendants' other asserted basis for dismissal -- which concerned an alleged inadequate service of process -- the parties agree that we should not address that issue in the first instance. We therefore vacate the dismissal in Action 2 of Foss's copyright-infringement claim against the Marvic Defendants.

## III.

We turn next to the District Court's dismissal of Foss's claim for a declaratory judgment that the Charter Defendants are not eligible for the DMCA safe-harbor defense to copyright-infringement claims. See Foss III, 2023 WL 2505115, at

- 20 -

*2.  We review this decision de novo, taking "well-pleaded facts as true and indulg[ing] all reasonable inferences in [Foss]'s favor."  Wiener v. MIB Grp., Inc., 86 F.4th 76, 83 (1st Cir. 2023) (quoting Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016)).

We begin with the dismissal insofar as the District Court based it on Foss's failure to establish Article III jurisdiction over the claim.  The Charter Defendants moved to dismiss the claim on this basis pursuant to Calderon v. Ashmus, 523 U.S. 740, 747 (1998), and Coffman v. Breeze Corp., 323 U.S. 316, 324 (1945), which had determined Article III jurisdiction to be lacking over claims seeking declaratory judgments as to the validity of potential defenses to claims, where neither the underlying claim nor the putative defense had been asserted.  Foss contends that those cases are distinguishable because she is seeking a declaratory judgment about the validity of a defense to a copyright-infringement claim that she contends she did bring in her complaint against the Charter Defendants.  Foss then contends that there is Article III jurisdiction here as to her declaratory-judgment claim under MedImmune, Inc. v. Genentech, Inc., in which the Supreme Court of the United States held that Article III permitted entertaining a declaratory judgment action regarding an affirmative defense to a claim where "the plaintiff's self-avoidance of imminent injury is coerced by threatened

- 21 -

enforcement action of" the defendant in the declaratory-judgment action.  549 U.S. 118, 130 (2007).

But, even accepting Foss's argument that she has adequately pleaded a claim of copyright infringement against the Charter Defendants,[5] it remains the case that, as MedImmune makes clear, "a litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that would not finally and conclusively resolve the underlying controversy."  Id. at 127 n.7.  And Foss is using the claim for declaratory relief in just that impermissible fashion, as the relief she seeks, even if granted, would at most preclude the Charter Defendants from asserting one possible defense against her claim; it "would not finally and conclusively resolve the underlying controversy" between Foss and the Charter Defendants.  Id.  We therefore affirm the District Court's dismissal of this claim for lack of Article III jurisdiction.

The District Court appeared also to dismiss Foss's claim against the Charter Defendants on the independent merits-based ground that Foss failed to state a claim on which relief may be

---

[5] While Charter did contest on the merits whether Foss should get her requested declaratory judgment regarding Charter's entitlement to the DMCA safe-harbor defense, Charter has never purported to actually raise the defense as a defense to copyright infringement in this litigation.  In fact, Charter states that "if Foss had sued Charter for copyright infringement . . . Charter would not have raised a DMCA safe harbor defense."

granted. See Foss III, 2023 WL 2505115, at *2. But, in light of our ruling that "Article III precludes this [claim] from going forward . . . [w]e thus must vacate the District Court's merits-based" alternative basis for dismissing Foss's declaratory judgment claim because the District Court did not have jurisdiction to reach the merits. Project Veritas Action Fund v. Rollins, 982 F.3d 813, 842-43 (1st Cir. 2020).

**IV.**

There is one loose end: The Charter Defendants moved for a sanctions award against Foss's attorneys Andrew Grimm and Gregory Keenan[6] pursuant to Federal Rule of Appellate Procedure 38, First Circuit Rule 38.0, and 28 U.S.C. § 1927. The Charter Defendants argue that sanctions are appropriate because Foss's appeal from the District Court's dismissal of her claim against them is frivolous. See Efron v. UBS Fin. Servs. Inc. of P.R. (In re Efron), 746 F.3d 30, 37 (1st Cir. 2014) ("An appeal is frivolous if the arguments in support of it are wholly insubstantial and the outcome is obvious from the start."). Foss's attorneys argue that, in light of MedImmune, their position regarding jurisdiction, which we have just rejected, is not frivolous.

---

[6] Charter withdrew its request for sanctions against another of Foss's attorneys, Stephen Gordon, after accepting Foss's attorneys' representation that Gordon played no role in this appeal.

We have repeatedly emphasized that sanctions should not be lightly awarded on the ground that an incorrect argument was frivolous. "Frivolous[ness]," we have explained "is not synonymous with" weakness. Id. at 38. "An appeal can be weak, indeed almost hopeless, without being frivolous." Id. (cleaned up) (quoting Lallemand v. Univ. of R.I., 9 F.3d 214, 217–18 (1st Cir. 1993)); see also AngioDynamics, Inc. v. Biolitec AG, 880 F.3d 600, 601 (1st Cir. 2018). Instead, we have imposed sanctions "where, in short, there simply was no legitimate basis for pursuing [the] appeal." Ramírez v. Debs-Elías, 407 F.3d 444, 450 (1st Cir. 2005) (quoting Kowalski v. Gagne, 914 F.2d 299, 309 (1st Cir. 1990)).

Here, as Foss's counsel pointed out at oral argument, Foss did not appeal only from the District Court's jurisdiction-based dismissal. Foss also appealed to challenge or vacate the District Court's alternative merits ruling dismissing the declaratory judgment claim. Because we agree that this aspect of the District Court's ruling on the declaratory judgment claim must be vacated, there was at least one "legitimate basis for [Foss's] pursuing an appeal." Id. And the Charter Defendants make no argument that, even if that were so, sanctions are appropriate nonetheless. We therefore deny Charter's motion for sanctions.

- 24 -

## V.

Accordingly, we **affirm** the District Court's dismissal of Foss's claim against Charter for lack of Article III jurisdiction, and we otherwise **vacate** the appealed-from rulings of the District Court and **remand** for further proceedings consistent with this opinion.

The parties shall bear their own costs.